### AUTREY v. E. NELSON MFG. & LUMBER CO.

### No. 870.

Court of Civil Appeals of Texas. Waco.

Feb. 27, 1930.

F. R. Valentine and J. W. Spivey, both of Waco, for appellant.

Trippet, Richey & Sheehy, of Waco, for appellee.

BARCUS, J.

Appellant instituted this suit against appellee to recover damages which he claimed to have suffered by reason of having fallen over a piece of lumber in appellee's place of business and having been injured thereby. The cause was tried to a jury, submitted on special issues, and resulted in judgment being entered denying appellee a recovery.

In response to special issues, the jury found that appellant did in July, 1928, while working for appellee, receive an injury; that the servants of appellee left a piece of lumber in the passageway where appellant was required to work; and that same constituted negligence, which negligence was the proximate cause of appellant's injuries. The jury further found that the injuries received by appellant were the result of an unavoidable accident. They further found that appellant was not entitled to any compensation by reason of the injuries he had received.

Appellant by different propositions contends that the finding of the jury that the injuries he received were the result of the negligence of appellee, and that they were the result of an unavoidable accident, are in conflict. Appellant further contends that the answer of the jury that he was not entitled to any compensation for the injuries he received is contrary to the undisputed testimony and should therefore be set aside. This court held in the case of Texas Electric Railway v. Burt, 272 S. W. 255, that a finding of negligence on the part of defendant, which caused plaintiff's in-

jury, and a finding that the injury was the result of an unavoidable accident, were in direct conflict and said findings would not support a judgment. Clearly, to our mind, said findings cannot be reconciled and constitute such a conflict that the trial court should not have entered judgment thereon for either party. If the negligence of the defendant caused the injury, then the injury could not have been the result of an unavoidable accident. If, on the other hand, the injury was caused by reason of an unavoidable accident, it could not have been the result of the negligence of either party.

■ We sustain appellant's proposition that the answer of the jury that he was not entitled to any damages by reason of the injuries he received is against the uncontradicted testimony. The evidence shows without dispute that appellant had suffered an injury to his back, as a result of which he suffered great pain and had incurred doctors' bills to the extent of at least $50, and the evidence shows further that the injury is of such nature that appellant will suffer for an indefinite time in the future. Appellee's contention is that appellant's physical condition was not caused by and is not the result of any injury that he received while working for appellee, but was caused by an injury which he had received many years before. There is a great deal of testimony supporting appellee's contention. The jury, however, found that appellant received his injuries while working for appellee in July, 1928, and the testimony supports said finding. It is the province of the jury to determine the credibility of witnesses and the weight to be given their testimony, but they have no right to disregard the uncontradicted testimony and render a verdict contrary thereto. Grand Fraternity v. Melton, 102 Tex. 399, 117 S. W. 788; Hines v. Pennington (Tex. Civ. App.), 240 S. W. 703; Malone v. National Bank of Commerce (Tex. Civ. App.) 162 S. W. 369; Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039; San Jacinto Rice Co. v. Ulrich (Tex. Civ. App.) 214 S. W. 777.

For the reasons indicated, the judgment of the trial court is reversed, and the cause remanded.