**TEXAS INTERURBAN RY. et al. v. HUGHES.**
No. 2470.

Court of Civil Appeals of Texas. El Paso.
Jan. 15, 1931.

Rehearing Denied Feb. 5, 1931.

1104

Worsham, Rollins, Burford, Ryburn & Hincks, J. M. Chambers, Chas. C. Huff, and Allen Charlton, all of Dallas, for appellants.

Carden, Starling, Carden & Hemphill, of Dallas, for appellee.

WALTHALL, J.

This is a personal injury suit brought by L. B. Hughes against the Texas Interurban Railway, hereinafter called Interurban, and the Missouri, Kansas & Texas Railroad Company of Texas, hereinafter called Katy. The suit is brought by L. B. Hughes to recover damages for personal injuries alleged to have been sustained by himself, and for expenses incurred in connection with injuries received by his minor daughter, arising out of a collision between an automobile in which he alleges he was seated as a passenger and an electric interurban car owned by Interurban and operated over the track of the Katy, in the town of Letot, and over a public street of said town.

The issues submitted on the trial of the case sufficiently indicate the matters at issue without stating the pleadings.

The case was tried to a jury and submitted upon special issues. Upon the special issues of negligence and proximate cause assigned and submitted, the jury found:

The speed at which the Interurban was being operated at any time while in the vicinity of and moving toward the point of collision constituted negligence, and that such negligence was a proximate cause of the collision.

The motorman was negligent in the matter of keeping a lookout for the automobile

in which appellee, Hughes, was riding, and that such negligence was a proximate cause of the collision.

The motorman was negligent in the matter of giving warning of the approach of the Interurban car, and such negligence was a proximate cause of the collision.

It was negligence to operate the electric interurban car at this crossing without having, prior to the time of this collision, installed thereat an automatic signal or warning device, and that such negligence was a proximate cause of the collision.

Plaintiff did not fail to exercise ordinary care for his own safety with respect to keeping a lookout for the interurban car; nor in respect to listening as he approached the railroad crossing; nor in not having warned the driver of the automobile to sound the horn as she approached the railroad crossing; nor in not having warned the driver of the automobile to reduce the speed of the automobile as it approached the crossing; nor in not having warned the driver of the automobile of the presence of the railroad crossing as same was approached; nor in not having warned the driver of the automobile, as the crossing was approached, to keep a lookout for any interurban car that might be coming.

To issue No. 21, the jury found that on the occasion in question "the plaintiff failed to discover the flashlight sign, which is located east of the right of way."

To issue No. 22, the jury found that plaintiff did not fail "to exercise ordinary care for his own safety in not having discovered said sign east of said right of way."

The jury found that the driver of the automobile did not fail to exercise ordinary care with respect to keeping a lookout for the interurban; nor with respect to listening for an approaching interurban on the occasion in question; nor with respect to the speed at which she (the driver) drove the automobile as she approached the crossing; nor in not having sounded her horn as she approached the crossing, and prior to the time that her automobile became visible to the motorman; nor that the driver of the automobile failed to have her auto under control as she approached the track so that she could stop the same and avoid a collision with the interurban. The jury found that the driver of the automobile did not discover the presence of the interurban before driving on the track; nor did the driver of the auto, as she approached the track, try to speed up her auto so as to beat the interurban to the crossing; that there was no auto stopped on the east side of the track to let the interurban pass; the collision in this case was not due to an unavoidable accident.

The jury assessed plaintiff's damages due to his personal injuries at $11,500, and the sum of $497.30 as the reasonable expenses of plaintiff made necessary on account of injuries to plaintiff's minor daughter.

The jury found a general verdict in favor of the Katy upon its cross-action against the Interurban, and also upon the cross-action of the Interurban against the Katy.

The court entered judgment in favor of plaintiff against each of the defendants jointly and severally in the sum of $11,997.30, and further that the Katy recover of the Interurban on its cross-action in same sum as above, and that the Interurban take nothing upon its cross-action against the Katy. Both defendants filed motions for a new trial, which were overruled; defendants excepted, gave notice of and perfected this appeal.

## Opinion.

We have concluded that the case must be reversed on the ground of conflict in the findings of the jury. In view of another trial, we have thought to indicate our view upon the issues presented on this appeal as found in this record.

A few preliminary statements of some uncontroverted facts, without quoting the evidence, will be helpful.

The automobile in question belonged to W. B. Hughes, the father of appellee, L. B. Hughes and Miss Ruth Hughes. W. B. Hughes lives on Oak Lawn avenue in Dallas, and Miss Ruth Hughes lives in her father's home. On the occasion in question, at the time of the accident, Miss Ruth Hughes was the driver of the automobile and was on the left side, in front. Miss Ruth Hughes and her father, and no other person, occupied the front seat in the automobile before and at the time of the collision. Appellee, L. B. Hughes, and his minor daughter and Miss Johnnie Hollingsworth were invited guests, and occupied the back seat in the automobile; L. B. Hughes sitting on right-hand side, the minor child sat in the middle of the seat, and Miss Hollingsworth sat on the left-hand side. The parties mentioned were so seated at the time of the accident. Rose Lawn, or Letot Station, where the accident occurred, is on the Denton or Wichita Falls branch of the Katy line of railroad. The general direction of that line at Rose Lawn or Letot is north and south. The Interurban cars run on the Denton branch of the Katy railroad track at Letot Station, and have done so for several years prior to the accident.

The W. B. Hughes automobile carrying the people mentioned went out from Dallas on Demon avenue. At Letot station that avenue or highway, on which the automobile was running and where the collision occurred with the Interurban car, crossed the Katy

railroad track at a direction east and west. At the place where the highway crosses the railroad track the evidence would support a finding that the automobile was traveling about fifteen or twenty miles an hour. The automobile was a three-door car, one door on the driver's side in front, one door on the opposite side in front where W. B. Hughes was sitting and one door on the right-hand side in the rear where appellee L. B. Hughes was sitting. The Interurban car came from Denton going to Dallas. It hit the automobile on the right-hand side nearer the back than the front.

Appellee, L. B. Hughes, testified: "Sitting in the back seat as I was, I could only see out at an angle of about 45 degrees if I am sitting straight in the car. I had ridden in that car before. If you wanted to look out at right angles, you would have to lean forward to look out. I had traveled on that road a lot of times and knew where the railroad crossing was. * * * I knew that the interurban and the M. K. & T. both used that road. * * *"

Appellee further testified that he heard no signal of any kind, and the automobile made no signal as far as witness heard; that he did not see the Interurban until hit; felt like his sister was driving and he was dependent on her; said, "when I ride on the back seat I let the driver do the looking, ordinarily, and if I see anything it is just an accident, and when I am not doing the driving, I don't take any special effort to look."

■■■ Appellant Interurban submits that the above-stated evidence of appellee establishes appellee's contributory negligence as a matter of law, and for that reason the court should have instructed a verdict in its favor. In support of that contention appellant refers us to Texas Mexican Ry. Co. v. Hoy (Tex. Com. App.) 24 S.W.(2d) 18.

The evidence here establishes beyond question that the time of the collision was about 2:30 p. m. on March 18, 1928; no bad weather is suggested by the evidence; that Miss Ruth Hughes, the driver of the car, was an experienced driver, was familiar with the railroad crossing at the place of the collision, knew that the cars of the Interurban and the Katy each ran over the railroad track at that point; that the driver of the automobile from her position and the position of her father could and should have seen everything that tended to menace the safety of the automobile in crossing the railroad track. There is nothing in the evidence that suggests danger in crossing the track at that time and place other than such as always attends the crossing of a railroad track at a street or highway crossing at a station or in a small town. As said by the court in the Hoy Case, supra, the occupant of a vehicle may not be

permitted to abandon the exercise of his own faculties and intrust his safety absolutely to the driver when he knows the vehicle is being driven in a careless and reckless manner into a known place of danger. We think it cannot be said as an indisputable fact in this case that appellee knew or should have known that the automobile was being driven in a careless or reckless manner into a known place of danger. It was an issuable fact for the jury, and which was submitted to and found by the jury in favor of appellee. Trochta v. M., K. & T. Ry. Co. (Tex. Com. App.) 218 S. W. 1038; Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; Davis v. Pettitt (Tex. Com. App.) 258 S. W. 1051; D. & H. Truck Line et al. v. Hopson et al. (Tex. Civ. App.) 4 S.W.(2d) 1013 (writ refused).

■■ Appellant submits that the driver of the automobile, being guilty of contributory negligence as a matter of law, such negligence of the driver being imputed to appellee under his testimony that "when I ride on the back seat I let the driver do the looking, ordinarily, and if I see anything it is just an accident, * * * I don't take (make) any special effort to look." Appellant assumes that the driver was negligent as a matter of law. The jury found otherwise. But, assuming that she was, we are not prepared to say that appellant's proposition is a correct statement of the law, unless appellant knew, or should have known, of the driver's negligence. It seems to be well settled that one person is not bound to anticipate negligent conduct on the part of another. Fort Worth & D. C. Ry. Co. v. Shetter, 94 Tex. 196, 59 S. W. 533. In the Hoy Case, supra, as we understand that case, appellee would not be chargeable with negligence of the driver unless he knew or was chargeable with knowledge of the driver's negligence, so that, by reason of such knowledge on his part, the negligence of the driver is imputed to him. Appellee sitting on the back seat, as shown by the evidence, could see out of the car from the side he was sitting, and from which side the Interurban came, only at an angle of about forty-five degrees.

The court refused to submit a requested issue tendered by appellants as to whether the driver of the automobile approached the crossing of the railroad track at a speed of more than twenty miles per hour, and, if she did, was such act of the driver the sole proximate cause of the collision? Appellant refers us to article 789, of the Penal Code, which makes it punishable by a fine to drive or operate a motor vehicle within or through any town or village at a greater speed than twenty miles per hour.

Appellants' pleading alleged that the automobile was traveling at an unlawful rate of speed in the town of Letot, at a speed of more

than thirty-five miles an hour, and proceeded towards the track at such rate of speed, driving upon the track, etc.

Neither the evidence nor the submitted charge is sufficient to make applicable to appellee the acts denounced by the article of the statute referred to.

Appellants offered to prove by Miss Nellie Kline that, immediately after the collision and while the injured parties were still at the scene of the collision, she heard one or more men standing near the damaged automobile say at that time, with reference to the accident, that "he had stopped his car to wait for the Interurban to pass and that this automobile involved in the collision came from behind him and passed to his left and ran right in front of the Interurban." The evidence was refused, and appellants submit error.

Appellants submit that the offered evidence was material on the issue of contributory negligence on the part of the driver of the automobile, and, if appellee was where he could see the standing automobile and failed to see it, or saw it and failed to warn the driver, he would be guilty of failure to exercise ordinary care for his own safety; also relevant on the issue of negligence of the Interurban, in that the motorman of the Interurban, seeing other cars standing, could assume that such cars would warn other cars approaching at any rate of speed, and would indicate to the motorman that his whistle had been heard and that the way was open. Appellants submit that the evidence shows that appellee was in such position that by the exercise of ordinary care he could have seen the standing cars, and could have known that the car in which he was riding turned aside to pass the standing cars in time to have warned the driver.

■ It has often been said that no hard and fast rule can be laid down as to the admissibility of evidence vel non as a part of the res gestæ. We think it clear from the facts already stated that it would be bare speculation to say that appellee, from the back of the automobile, moving as the evidence shows it was, could or did see the standing automobile and did see, or by the use of ordinary care could have seen, the driver of the automobile in which he was riding come from behind the standing car and pass to its left and run right in front of the Interurban, and that he did see, or by the exercise of ordinary care could have seen, the danger in doing so, in time to have warned the driver of the moving car of the danger of so driving. We understand that, to show contributory negligence on the part of appellee, as a matter of law, or to impute to him any negligence of the driver, appellee must have been so situated that by ordinary care on his part, for his own safety, he could and should have appreciated

the danger from the facts offered to be proved and failed to take steps to avoid the danger.

The admissibility of the offered evidence of Miss Kline, as tending to show the want of negligence of the Interurban in causing the collision, presents a more difficult question.

Other witnesses had testified practically to the same facts. The motorman on the Interurban testified that he saw the standing car as it approached the railroad track and stopped. Miss Piner testified: "I saw one or two cars stopped at the crossing; the car which was involved in the collision came around the two cars that were parked and came into the collision with the interurban."

John A. Woodford, a passenger on the Interurban, testified to seeing the standing car or cars, said: "In the space there between the automobiles, I saw a car that I concluded was the one that was struck in the collision; I saw it in the space between the track and the cars that I saw standing there, it just flashed through that space and then I felt the impact of the collision."

J. A. Young, a passenger on the Interurban, a witness for the defendant, testified: "When I got to the door (of the Interurban) I saw there was one other automobile on the right hand side of the Interurban tracks, on the same side that the automobile in question was coming from, which would really be on my left. * * * This other automobile that was in the collision had not gotten to the other automobile at the time I got to the door. The other automobile was standing still and the car that was in the collision went to the left of the automobile that was standing still, came round it and went to the left."

We have made the above quotations from the evidence to show that the jury had the same facts before them from a number of disinterested witnesses that is sought to be elicited from a bystander through Miss Kline.

■ Conceding the excluded evidence to be admissible as res gestæ, which we do not decide, it was merely cumulative. It is not likely that the jury would have made a different finding on the issue of negligence of the Interurban on the hearsay statement of a bystander, and especially when a number of witnesses had testified to the same facts as being within their personal observation; the tendered evidence going to the weight only. When the tendered evidence is merely cumulative, to make it probable that the interests of justice require a new trial, some impelling facts must be shown to make it probable that a different result would follow. We have concluded that the trial court did not abuse his discretion in excluding the evidence, or in overruling the motion based on that ground.

The sixth, seventh, and eighth propositions are without merit, and are overruled.

■ The ninth proposition submits that "the

verdict is so excessive as to indicate passion and prejudice of the jury, requiring a reversal." Neither the assignment, the proposition thereunder, nor elsewhere does appellant point out how, why, or in what manner the verdict is excessive. The proposition is too general. Wichita Falls & S. R. Co. v. Tucker (Tex. Civ. App.) 261 S. W. 518, and cases there cited.

Special issue 54 reads: "Do you find from a preponderance of the evidence that the collision in this case was not due to an unavoidable accident? Answer 'Yes,' or 'No.' In this connection with issue No. 54, you are charged that by the term 'unavoidable accident' is meant an event which occurs without the negligence of either the plaintiff, L. B. Hughes, or the defendants, or the Interurban." To the issue the jury answered, "No."

The jury had found the negligent acts as proximately causing the collision, as in the above statement.

Appellants submit two propositions (10 and 11), error in entering judgment, first, to the finding of the jury, on issue 54, that appellee had not shown by a preponderance of the evidence that the collision was not due to an unavoidable accident, the finding being in conflict with other findings that the collision was due to negligence of appellants in the respect submitted; second, "the jury found that the plaintiff had failed to show by a preponderance of the evidence, that the collision was not due to an unavoidable accident."

■ Appellants discuss the two propositions together, and the point submitted is that the finding on the issue of "unavoidable accident" is in direct conflict with other findings of negligence of appellants. The burden was on appellee to show that the collision causing the injuries to appellee was the result of some one or more of the negligent acts of the appellants complained of; if appellee has not discharged that burden, or if the finding of the jury on the issue of unavoidable accident cannot be reconciled with the other findings that the collision was the result of the negligence of appellants, judgment should not have been entered for either party. An unavoidable accident can occur only in the absence of negligence. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521; Autrey v. Nelson Mfg. & Lumber Co. (Tex. Civ. App.) 26 S.W.(2d) 298; Texas Electric Ry. Co. v. Burt (Tex. Civ. App.) 272 S. W. 255.

We have given much thought to the question presented, and, while we think the jury did not mean to say, in view of the other findings ascribing negligence to the appellants, all based on the preponderance of the evidence, as in this issue, that the collision was unavoidable on the part of appellants, they evidently so found. We do not mean to say that the evidence shows negligence; that is not within our province. We must say, however, that in our opinion there is such irreconcilable conflict in the findings of negligence and unavoidable accident as will not support the judgment. The finding, in effect, is that appellee has not discharged the burden of showing by a preponderance of the evidence that the collision was not due to an unavoidable accident.

■ The Katy filed a cross-action against the Interurban and prayed that judgment be rendered in its favor against the Interurban for such amount as appellee might recover against it. Likewise the Interurban pleaded over against the Katy for such amount as judgment might be rendered against it. On the two cross-actions, judgment having been in favor of appellee against the Katy and the Interurban jointly and severally for the amount of the recovery of the appellee, the court having instructed a verdict in favor of the Katy against the cross-action of the Interurban, judgment was entered in favor of the Katy against the Interurban for a like amount, and recovery was denied the Interurban in its cross-action against the Katy. The basis of the court's judgment on the two cross-actions, we understand, grows out of the construction to be given to a portion of a contract between the Katy and the Interurban under which the Interurban was being operated on the tracks of the Katy at the place of the collision. The portion of the contract introduced in evidence which would make the Katy liable, if liable, is a part of subdivision C of article 16. Subdivision C reads:

"Liability for loss or damage shall be as follows: (Omitting 1 and 2, which have no application), number 3 reads as follows:

"(3) Except as provided in paragraph (1) of this section, for loss or damage resulting from the concurring negligence or wrongful act of the sole employees of both parties, or from the concurring negligence or wrongful act of joint employees alone, or from the failure or defect of any part of the jointly used facilities or in the maintenance thereof, the parties shall be jointly liable, and the expense of such loss or damage shall be deemed an operation and maintenance expense and be divided equally between them."

The exception as provided in paragraph 1, and referred to in this paragraph, has no application in construing paragraph 3.

Paragraph No. 2 has no application under the facts. The question of the liability of the Katy to the Interurban apparently depends upon the proper construction to be given to the expression in paragraph 3 of the contract, "or from the failure or defect of any part of the jointly used facilities or in the maintenance thereof." No automatic electric signal or warning device was installed at the railroad crossing and the public highway where the collision occurred. Appellee assigned as

negligence the failure to install such electric signal or warning device, and the jury found that it was negligence to operate the electric interurban car at the crossing without having, prior to the time of the collision, installed thereat such signal or warning device.

No automatic electric signal or warning device having been installed at the railroad crossing and the public highway, at the time of the collision, there could be no failure or defect of any part of such jointly used facility or in the maintenance thereof. The provision in the contract, in our opinion, would embrace only facilities already installed and jointly used, at the time of the collision, which would, as applied to carriers, embrace everything necessary or incident to safety in the performance of the duties of carriers to the public at large. 25 C. J. 334.

The question presented on the Interurban's cross-action is not that of liability of the Katy to appellee for failure to install the device, but the liability of the Katy to the Interurban under the contract, the Katy taking no part in the operation of the Interurban car. The liability of the Katy to appellee, as was that of the Interurban, in part, was based on its failure to install the electric device.

The court was not in error in instructing a verdict on the cross-actions.

Because of the conflict in the jury's finding as indicated, the case is reversed and remanded.

On Motion for Rehearing.

Appellants and appellee each file motions for rehearing; appellee files motion to certify.

Replying to appellant Interurban's motion, in stating briefly the finding of the jury on the issue of unavoidable accident, while we later quote the verbiage of the finding, we should have said the jury found that plaintiff had not shown by a preponderance of the evidence that the collision was not due to an unavoidable accident.

 In the original opinion we held that the tendered but excluded evidence of the witness Miss Kline, being merely cumulative of the evidence of several other witnesses on the exact point, its exclusion did not present reversible error, whether it was res gestæ or not. Appellants insist that, in view of another trial, we express our view as to the admissibility of the excluded evidence. The circumstances are sufficiently stated in the original opinion. We think the tendered evidence of Miss Kline, as presented in the record, was part of the res gestæ, and was admissible on the issue of the negligence of the Interurban. We hardly think it admissible on the issue of contributory negligence of the driver of the automobile unless it could also be said from the other evidence in the case that L. B. Hughes was so situated at the time of the collision that he could see, or would be charged with seeing, the standing car, and

was himself negligent in not warning the driver of the car in which he was riding of the presence of the standing car and the danger of going upon the track as indicated by the standing car. We still think that the contributory negligence of the driver of the automobile, if she was negligent, would not of itself be attributed to appellee unless he was also negligent as above indicated. If the evidence of Miss Kline, on another trial, is admitted, and the record on another trial is similar to the present, the evidence should be limited to the issue of negligence of the Interurban.

 We have said that the evidence of Miss Kline was res gestæ, and, being so, was admissible as evidence, but by so holding we do not mean to say that its exclusion was reversible error. We thought in writing the original opinion that its exclusion was not reversible error, as it was cumulative.

Appellants refer us to Lamar v. Ry. Co. (Tex. Com. App.) 248 S. W. 34, 39. It will be noted in that case that Judge Powell says: "It is also true that no other witness gave this testimony. It was not cumulative of other evidence in the case." Here it was cumulative of other evidence in the case on the exact point sought to be proved. If we understood the Lamar opinion, it is based on the fact that the evidence was not cumulative of other evidence on the fact sought to be proved; otherwise it would seem useless to say that the evidence was not cumulative.

We make no reply to other matters presented in the Interurban's motion on rehearing.

 Appellee filed a lengthy motion for rehearing based on this court's holding on appellant's propositions 10 and 11, assigning error in entering judgment on the finding of the jury on issue 54, to the effect that appellee had not shown by a preponderance of the evidence that the collision in this case was not due to an unavoidable accident.

We have quoted the issue submitted and finding on the issue in the original opinion and need not repeat it here.

No objection was made by appellee, or question raised in the trial court, on the submission of the issue, or in the form submitted, so that we assume the issue of unavoidable accident was, under the evidence, properly in the case. To avoid the effect on the judgment of an unavoidable accident, it would seem that the preponderance of the evidence, as submitted in the charge, should show that the collision was not the result of an unavoidable accident, and, where the preponderance of the evidence does not so show, as found by the jury, we fail to see how a judgment could be entered on the negligence found. The charge submits the issue negatively. The legal effect of the finding, as we view it, is that the appellee has not discharged that burden.

The issue is always a difficult one. The trial court submitted the issue, evidently under the impression that the pleading and the evidence justified its submission. We reviewed with much interest all that appellee had to say on the question in his brief, and have done so on his motion, but do not concur in appellee's contention that the issue is immaterial or merely an evidentiary issue. Appellee must have concurred in its submission as an ultimate issue, and in the form in which it was submitted, as he made no objection to its submission or the form in which it was submitted.

As said by Judge Speer in Rosenthal Dry Goods Co. v. Hillebrand (Tex. Com. App.) 7 S.W.(2d) 521, 523: "It was indispensable to the plaintiff's case, and the burden was upon her to that extent, to prove that her injuries resulted from the alleged negligence of the defendant. It was not necessary that the defendant plead specially that the injuries were the result of an unavoidable accident. This was put in issue by the general denial and imposed upon the plaintiff the necessity of proving that the happening was not an unavoidable accident. This necessarily was a part of her case. While this requires the proving of a negative, nevertheless it is in keeping with sound reasoning."

Since the burden was upon appellee, under the above authority, and the court having submitted the issue to the jury without objection of appellee, it was necessary that the preponderance of the evidence show that the collision causing the injury was not due to, or the result of, an unavoidable accident. The effect of the jury's finding evidently is that the evidence does not so show. If not, appellee has not discharged the burden, and judgment for appellee could not properly be entered.

To the extent above indicated, our original opinion is modified, and both motions for rehearing are overruled.

Appellee's motion to certify is overruled.