**WARNER v. KERRVILLE BUS CO., Inc., et al.**

**No. 1234.**

District Court, W. D. Texas, Austin Division.
Oct. 31, 1931.

Gaius G. Gannon and Dillon Anderson (of Baker, Botts, Andrews & Wharton), both of Houston, Tex., for plaintiff.

White, Wilcox, Taylor & Gardner, of Austin, Tex., and A. C. Wood (of King, Wood & Morrow), of Houston, Tex., for defendants.

WEST, District Judge.

The Texas act, section 11, c. 270, of the Acts of the Fortieth Legislature (Vernon's Ann. Civ. St. Tex. art. 911a, § 11), providing terms and conditions required in a policy covering liability and property damage that might be sustained by reason of personal injury to passengers, declares: " * * * Shall * * * provide that the insurer will pay all judgments which may be recover-

ed against the insured motor bus company based on claims for loss or damage from personal injury. * * * "

The Railroad Commission's rules are attached to the policy as a rider or amendment and are within the purview and requirements of the statute.

The contract between the parties, evidenced by the casualty company's policy, together with the provisions of the act of the Legislature, settle the rights of the parties. Subdivision E of the policy provides: "The Company shall not be liable to pay any loss nor shall any action be brought against the company, to recover under this Policy until a final judgment shall have been recovered against the Assured in the court of last resort after trial of the issue."

This provision conforms to the quoted provision of the statute.

The defendant relies upon the quoted text in 31 Corpus Juris, 437, to the effect that an indemnitor's liability accrues only when the liability against which he was to protect has become fixed and absolute, and that in indemnity against liability under such a contract the cause of action accrues to the indemnitee upon recovery of a judgment against him.

From these elementary rules of construction of written contracts the liability of the parties and their rights of action are fixed. How, then, may one be joined as a party to a suit if there be no cause of action stated against him? In a written contract such as is the policy here, the parties to it are not proper parties to a suit at the instance of a stranger, the plaintiff, unless the right to toll the insurer as a party is found in the policy or written into it by the statute.

The casualty company, defendant, asserts that liability under the policy in question does not attach until after final judgment, citing Schambs v. Fidelity & Casualty Company (C. C. A.) 259 F. 55, 6 A. L. R. 1231; General Accident, Fire & Life Assurance Corp. Ltd., v. Clark (C. C. A.) 34 F.(2d) 833; Metropolitan Casualty Insurance Co. v. Colthurst (C. C. A.) 36 F.(2d) 559; Royal Indemnity Co. v. Morris (C. C. A.) 37 F.(2d) 90.

A case directly in point is Morrell v. Lalonde (D. C.) 271 F. 19, well reasoned and based upon analogous questions decided in Merchants' Cotton Press & Storage Co. v. Ins. Co. of North America, 151 U. S. 368, 14 S. Ct. 367, 38 L. Ed. 195.

The plaintiffs' right to join the casualty

company as party defendant to their action for damages against tort-feasor defendant finally narrows to a reliance on American Automobile Insurance Company v. Struwe (Tex. Civ. App.) 218 S. W. 534, Texas Landscape Company v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423, and Monzingo et al. v. Jones et al. (Tex. Civ. App.) 34 S.W.(2d) 662, 663. The insurer's policy in the Struwe Case conforms to the provisions of an ordinance of the city of San Antonio requiring operators of public service automobiles to give bond, payable to the mayor, for the benefit of any person injured, obliging the insurer to pay direct to any such person in any amount awarded by final judgment for such injury against licensee. The right of direct recovery by the injured party against the insurer is found in the letter of the city ordinance, but is not found in the state statute. The Struwe Case, therefore, is misleading rather than helpful. The Longoria Case is of doubtful aid, because the cases cited forming the basis of the conclusion reached by the court, in the main, are based on the requirements of the San Antonio city ordinance.

Monzingo v. Jones definitely holds that the intent of the act is to give the injured parties the right of direct recovery against the insurer. The plaintiffs urge that this decision by the Beaumont, Tex., Court of Civil Appeals should bind this court. The Monzingo suit grows out of a collision between Jones' truck and Monzingo's passenger bus. Monzingo was insured against liability from negligence by Fidelity American Insurance Company. A study of the court's opinion shows that judgment was rendered against insurer because of the court's holding of primary liability of insurer growing out of the court's construction of the meaning and intendment of the act, and not upon the provisions of the contract. The court cites the Struwe Case as holding that the insurance company was properly joined as a defendant, and quotes 5 Tex. Jur. 662, as stating, on the authority of the Struwe Case, that "The courts have rejected the contention that the insurance company may not be joined because, under the terms of the policy, it cannot be liable until after judgment has been awarded against the insured." The Longoria Case is cited with approval as being in its facts and principles controlling and on all fours with the case then being considered. The decision of the Monzingo Case is based primarily on these two cases, whose decisions turn on the liability of insurer to the insured party by the terms of a city ordinance. For this reason and because the court rendering judgment is not the highest court in the state these cases are not binding.

The Court of Civil Appeals construes the act to mean that the insurer is to be held as primarily liable, notwithstanding the positive words of the statute and of the policy to the contrary. Attached to defendants' brief are affidavits that affirmatively show that the Legislature defeated a proposed amendment which definitely fixed the liability to injured party on the insurer. This fact necessarily affects the weight of the court's decision as to legislative intent.

For reasons foregoing, the court holds that the American Fidelity & Casualty Company is not a proper party to the suit and that its pleas in abatement and misjoinder should be sustained.

Judgment in accordance with these rulings may be presented for entry.