**TEXAS INTERURBAN RY. CO. v. HUGHES et al.**

**Motion No. 10633; No. 1582—5947.**

Commission of Appeals of Texas, Section A.

April 5, 1933.

For original opinion, see 53 S.W.(2d) 448.

Allen Charlton and Worsham, Rollins, Burford, Ryburn & Hincks, all of Dallas, for plaintiff in error.

Carden, Starling, Carden & Hemphill, C. C. Huff, and J. M. Chambers, all of Dallas, for defendants in error.

SHARP, Judge.

In the judgment entered herein, the costs of the appeal are taxed against L. B. Hughes, defendant in error. Hughes files a motion to retax the costs, and contends that the costs should be taxed equally between him and the Missouri-Kansas-Texas Railroad Company of Texas, for the following reasons:

(1) Because judgment was rendered in the district court in his favor against both defendants, Texas Interurban Railway Company and the Missouri-Kansas-Texas Railroad Company of Texas, and that the Missouri-Kansas-Texas Railroad Company recovered judgment over and against the Texas Interurban Railway Company, and judgment was denied the Interurban Railway Company on its cross-action against the railroad company.

(2) That both the Texas Interurban Railway Company and the Missouri-Kansas-Texas Railroad Company of Texas appealed from the judgment of the trial court to the Court of Civil Appeals, and that court reversed the judgment of the trial court and remanded the cause for another trial, but sustained the holding of the trial court that the Texas Interurban Railway Company was not entitled to recover anything by reason of its cross-action against the Missouri-Kansas-Texas Railroad Company of Texas. 34 S.W.(2d) 1103.

(3) Because both the Texas Interurban Railway Company and Hughes applied for writs of error, and the Supreme Court granted a writ of error upon the application of the Texas Interurban Railway Company and for that reason granted the writ of error upon the application of Hughes.

(4) Because the Supreme Court affirmed the judgment of the Court of Civil Appeals reversing and remanding the cause, but overruled the conclusions of the Court Of Civil Appeals sustaining the action of the trial court in holding that as a matter of law the Texas Interurban Railway Company was not entitled to a judgment against the Missouri-Kansas-Texas Railroad Company on its cross-action. 53 S.W.(2d) 448.

It appears that both the Texas Interurban Railway Company and the Missouri-Kansas-Texas Railroad Company of Texas obtained in the Court of Civil Appeals a reversal of the judgment of the trial court in favor of Hughes. The court also held that the trial court was correct in holding that the Texas Interurban Railway Company was not entitled to recover anything against the Missouri-Kansas-Texas Railroad Company by reason of its cross-action. From this judgment both the Texas Interurban Railway Company and Hughes made applications for writs of error to the Supreme Court, which were granted. In the Supreme Court the judgment of the Court of Civil Appeals reversing and remanding the cause was affirmed and in addition thereto the Texas Interurban Railway Company obtained a favorable ruling that it was error for the trial court and Court of Civil Appeals to hold as a matter

of law that the Interurban was not entitled to recover anything by reason of its cross-action against the Missouri-Kansas-Texas Railroad Company.

We recommend that the costs of appeal incurred in the Court of Civil Appeals be taxed against Hughes, and that the costs of appeal incurred in the Supreme Court be taxed equally against Hughes and the Missouri-Kansas-Texas Railroad Company of Texas; that the judgment otherwise remain as heretofore rendered.