## GUARDIAN SAVINGS & LOAN ASS'N v. LIBERTY STATE BANK et al.

### No. 2829.

Court of Civil Appeals of Texas. El Paso.

May 11, 1933.

Rehearing Denied June 8, 1933.

D. A. Frank, of Dallas, for appellant.

Read, Lowrance & Bates, H. W. Whisenant, W. J. Rutledge, Jr., O. F. Wencker, and Taylor & Irwin, all of Dallas, for appellees.

PELPHREY, Chief Justice.

On June 26, 1925, Roy G. Thomas gave a deed of trust to B. H. Jester, trustee, and executed a note to G. C. Kent in the sum of $3,000. The deed of trust was upon lot 8, in block 533, of the Oak Lawn addition to the city of Corsicana, Tex. November 1, 1928, Thomas conveyed the property to Prince Jewell McClendon, who assumed the payment of the note.

During the early part of 1930, Prince Jewell McClendon, joined by her husband, Wm. W. McClendon, made application to appellant

for a loan on the property. For the purpose of completing the loan to the McClendons, appellant sent, on May 5, 1930, its check for $3,430 to Chas. G. Jester, one of its directors, at Corsicana to be delivered by him to G. C. Kent to take up the Thomas note. The check was drawn on the Liberty State Bank of Dallas, Tex., where appellant kept its account.

About 4 or 4:30 o'clock in the afternoon of May 8, 1930, Charles G. Jester presented the check to the State Trust & Savings Bank, Dallas, Tex., and there received $930 in cash and a cashier's check for $2,500. At the time he presented the check, the name of G. C. Kent was indorsed thereon. Charles G. Jester also indorsed the check before cashing it. The State Bank & Trust Company then indorsed it as follows: "Pay to the order of any bank banker or trust company previous endorsements guaranteed State Trust & Savings Bank Dallas, Texas, 32–66, May 8, 1930."

The check then shows to have been paid through the Dallas clearing house, Republic National Bank & Trust Company, Dallas, Tex.

It was later presented to and paid by the Liberty State Bank and charged against appellant's account.

In the early part of April, 1931, notice came to appellant that the signature of G. C. Kent had been forged to the check, and on April 8, 1931, appellant sent the check back to the Liberty State Bank, informing them that G. C. Kent was claiming that the check was not indorsed by him, or with his authority, and requesting that its account be credited with the amount thereof.

Upon the bank's refusal, this suit was instituted by appellant in the Fourteenth district court of Dallas county against the Liberty State Bank, to recover the $3,430, together with 6 per cent. interest thereon from May 8, 1930.

Appellee Liberty State Bank answered by general demurrer, general denial, and admitted the payment of the check in question, and alleged that it paid the check on the faith of the indorsement of the Republic National Bank & Trust Company. It further alleged that at the time of making the payment it believed all indorsements on the check to be valid; had no way of verifying the indorsements; that, because of the indorsement of the Republic National Bank & Trust Company, it was not charged with any duty to verify them; that the State Trust & Savings Bank, by its indorsement of the check, was also a warrantor of the indorsements; that, after paying the check, it, in due course of business, and on or about June 1, 1930, delivered the check with the indorsement thereon to appellant; that it was the duty of appellant to examine the check and ascertain within a reasonable time whether it was properly indorsed and whether paid to the proper parties; that appellant failed to give the bank any notice of any discrepancy or suspicious circumstances in connection with the check until on or about May 20, 1931. The Liberty State Bank prayed, in case of judgment against it, that it have judgment over against the Republic National Bank & Trust Company and the State Trust & Savings Bank.

Both of said banks answered, contesting appellant's right to recover. In answer to special issues, the jury found that the name "G. C. Kent" on the check was a forgery; that appellant was negligent in not discovering prior to April, 1931, that G. C. Kent claimed such signature to be a forgery; and that such negligence was the proximate cause of appellant's loss.

Upon these findings the court rendered judgment that appellant take nothing, and it has appealed.

### Opinion.

Appellant's brief contains ten assignments of error and seven propositions thereunder.

Propositions 1, 2, and 3 all relate to the court's action in refusing to instruct a verdict for appellant. The contentions advanced are: (1) That, the undisputed evidence showing the indorsement of G. C. Kent was a forgery, Liberty State Bank thereby became absolutely bound to appellant for the full amount of the check and interest; (2) that the evidence was undisputed that there was no negligence on the part of appellant in not discovering that Kent claimed the signature to be a forgery prior to April, 1931; and (3) that there was no evidence that appellant's failure to discover Kent's claim of forgery prior to April, 1931, was a proximate cause of appellant's loss.

Appellant also contends that, there being no evidence to show that appellant's failure to discover the forgery or that Kent claimed the signature to be a forgery was a cause of appellant's loss, or that appellant was negligent in not discovering prior to April, 1931, that Kent claimed the signature to be a forgery, the court erred in submitting special issues Nos. 2 and 3, and that the court also erred in receiving the affirmative answer of the jury to special issue No. 3.

Appellant further contends that the Liberty State Bank's liability became fixed when it paid the check upon a forged indorsement, and that no action of appellant thereafter could change its liability to the other two banks.

Appellees, in support of the judgment rendered, take the position that appellant should not recover because, by the course of its dealings with Charles G. Jester, it made the loss complained of possible, and, by its negligence in failing to disclose the facts which were developed on the trial, prevented any action being taken by them which would show either that the signature of G. C. Kent was

authorized and the transaction regular, or that Jester, while solvent and responsible, could be made to respond to the demand for proper payment or application of the funds paid out by the banks on the check.

The facts upon which they depend in support of that position are set forth in their brief as follows: "That Jester forwarded the McClendon application for a loan to be made to renew and extend the G. C. Kent note; that the application was approved and the loan papers drawn and forwarded to Jester; that they were promptly executed by the borrower and returned to the company; that thereupon the company issued its check to the order of G. C. Kent and returned it to its agent, Jester, with specific instructions to pay Kent and take up the note to be renewed, obtain a transfer of the lien securing that note, have such transfer of lien recovered and return all papers to the company in order that the McClendon loan might thereby be closed regularly; that Guardian Savings & Loan Association knew that its check had been cashed and could by reference to the check have known that it had been cashed upon the strength of the endorsement of its agent, Jester; that the association did not receive the Kent note nor, until after it had written the second letter (a letter to Jester), nearly four months later, obtain even the assignment of the liens covering the note; that the Association, in the exercise of ordinary care, would have known just from the fact that Jester had not returned the Kent note and assignment promptly that something was wrong and should have been upon its guard by reason thereof; that the association never closed the McClendon loan by getting into its hands the documents which it properly should have received and, therefore, was negligent in failing to do those things which it regularly did in closing its loans and which ordinarily prudent people in the loan business would have done."

■ Actionable negligence is based upon the violation of a duty, and, where there is no duty, there can be no negligence. Denison Light & Power Co. v. Patton, 105 Tex. 621, 154 S. W. 540, 45 L. R. A. (N. S.) 303; Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647, judgment affirmed Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Pullman Co. v. Caviness, 53 Tex. Civ. App. 540, 116 S. W. 410 (error refused).

■■ Therefore, in passing upon the question of whether or not appellant was guilty of such negligence as would preclude its recovering from appellee Liberty State Bank, we must first determine what, if any, duty it owed to the bank under the facts. In their pleadings, as we understand them, they alleged that its duty was to examine the indorsements on the check when it was returned and to notify appellees of any suspicious circumstances connected therewith.

We cannot agree that appellant was under any such obligation. When a depositor receives his statement and checks from the bank, it is his duty to examine them as to the genuineness of his own signature to the check and as to the correctness of the sum. When he has done these things, he has done his full duty to the bank. National Surety Co. v. President and Directors of Manhattan Co., et al., 252 N. Y. 247, 169 N. E. 372, 67 A. L. R. 1113; Guaranty State Bank & Trust Co. v. Lively (Tex. Civ. App.) 149 S. W. 211.

■ If we be correct in this holding, then appellant could not be charged with negligence for failing to discover the forgery by an examination of the indorsements on the check, and could not be charged with the notice of any facts revealed thereby, in the absence of allegation and proof that it did examine them and that an ordinarily prudent person would have known from such examination that a forgery had been committed.

■ The other facts upon which appellees depend to show negligence are that it did not receive the Kent note for almost four months, did not receive any assignment of the lien covered by the note, and that it failed to take steps to secure these documents earlier in order to properly close its file on the McClendon loan.

It is apparent that none of these facts involved any duty owing by appellant to appellees, consequently its failure to secure the note from Kent, its failure to demand and secure the assignment from him earlier, and its failure to close up its file on the loan, could not constitute negligence.

The contention of appellant that there was no evidence to support the jury's finding that appellant was negligent in not discovering prior to April, 1931, that Kent was claiming his signature to be a forgery must be sustained.

■ The undisputed evidence shows the Kent indorsement to be a forgery, and, there being no evidence that appellant was negligent in not discovering the forgery sooner than it did, it follows the peremptory charge requested by appellant should have been given.

The judgment is reversed and here rendered as follows:

In favor of appellant against the Liberty State Bank for $3,430, with interest thereon at the rate of 6 per cent. per annum from May 8, 1930; a like judgment in favor of the Liberty State Bank against the Republic National Bank & Trust Company of Dallas, Tex., and the State Trust & Savings Bank; and in favor of the Republic National Bank & Trust Company of Dallas, Tex., against the

State Trust & Savings Bank for any amount said Republic Bank may be compelled to pay upon the judgment in favor of the Liberty State Bank. The cross-action of the State Trust & Savings Bank against Charles G. Jester is dismissed without prejudice; said Jester not having been served with citation, and no appearance by him having been entered.

Reversed and rendered.