## PAGEWAY COACHES, Inc., et al. v. BRANSFORD.
### No. 1256.

Court of Civil Appeals of Texas. Eastland.
April 20, 1934.

Rehearing Denied May 11, 1934.

Turner, Seaberry & Springer, of Eastland, for appellants.

Grisham Bros., and J. A. Lantz, all of Eastland, for appellee.

FUNDERBURK, Justice.

J. H. Bransford, for himself and wife, and as next friend of Kenneth Bransford, a minor child, brought this suit in Eastland county against the Pageway Coaches, Inc., George W. Page, and American Fidelity & Casualty Company, a foreign corporation, all nonresidents of Eastland county, to recover damages for personal injuries to himself, his said wife, and child, and damages for injuries to an automobile. The injuries were the result of a collision occurring in Eastland county, between a bus owned and operated by Pageway Coaches, Inc., and an automobile belonging to, and operated by, the said J. H. Bransford. Pageway Coaches, Inc., was sought to be held liable on a number of different grounds of negligence. The allegations upon which American Fidelity & Casualty Company was sought to be held liable were " * * * that the Pageway Coaches, Inc. * * * at the

time of the collision * * * were operating said bus as a common carrier for hire in and through Eastland County * * * under and by virtue of the laws of the State of Texas, and regulations and authority of the Railroad Commission of the State of Texas; that under the laws and said regulations * * * the defendants were required to obtain and carry what is known as 'public liability insurance' for the protection of plaintiff, his family and property, and the public generally, against the negligent act or acts of the defendants. * * * Pursuant to said obligation, said defendants did obtain and did at said time carry a written policy of public liability insurance with the American Fidelity & Casualty Company, and said policy * * * was conditioned and payable as provided by law, and was conditioned and payable as' provided by the rules and regulations of the Railroad Commission of the State of Texas, and which policy at said time was in full force and effect * * * covering the motor bus so. operated at the time and place and under the terms of which policy, as well as under the terms and provisions of the laws and rules and regulations of the Railroad Commission of the State of Texas, the said defendant insurance company became liable and *obligated and promised to pay* to the plaintiff in his own behalf, and on behalf of the said other members of his family, *damages sustained by reason of the negligence of the said defendants*," etc. (Italics ours.) The prayer was for judgment against the defendants, jointly and severally, for the sum of $2,999, costs, etc.

The defendant American Fidelity & Casualty Company filed a plea of privilege and, subject to same, a plea in abatement for the misjoinder of parties and causes of action, both of which pleas were overruled. Pageway Coaches, Inc., also filed a plea in abatement for like misjoinder, which was overruled. The plea of privilege and pleas in abatement were by order of the court tried at the same time with the merits of the suit.

The jury, to whom the case was submitted on special issues, found all issues in favor of the plaintiff, and against the defendants Pageway Coaches, Inc., and American Fidelity & Casualty Company, except one issue as follows: "Do you find from a preponderance of the evidence that the collision in question was not the result of an unavoidable accident as that term is defined in this charge?" To this issue the jury answered, "No." The definition referred to was: "Unavoidable accident, as that term is used, is meant an accident which occurs or exists where the injuries or

damages are not proximately caused by any negligence of commission or omission on the part of either the plaintiff or defendants. It is an accident that is not contributed to by the negligence of either party." Judgment was for plaintiff against the last-named defendants, George W. Page having been dismissed from the suit.

The first question, in due order presented for our determination, is whether or not the court erred in overruling the plea of privilege of the insurance company. The question is not free from considerable difficulty and we have concluded that for reasons which will hereinafter appear, it is not necessary that we pass upon it.

▉ Whether the court may have erred in overruling the plea in abatement of the insurance company is a question not really presented unless we hold that the plea of privilege was properly overruled. We shall, therefore, pass to the question involving the court's action upon the plea in abatement of the Pageway Coaches, Inc. Did the court. err in overruling that plea? Appellee, in a very able and comprehensive brief, implies the opinion, that the question is controlled by the answer to the further question of whether or not the character of insurance evidenced by the policy is indemnity insurance, or liability insurance. We are not convinced that the question is altogether dependent upon whether or not the character of insurance is properly to be denominated "indemnity insurance" or "liability insurance." "Indemnity insurance," as we understand it, protects the insured only against loss, and hence even if there be liability from which potential loss may result, but no loss actually occurs, the liability of the insurer does not accrue. "Liability insurance," on the other hand, protects the insured not merely against loss, but liability for loss or damages, and hence when the insured's liability accrues, or is established (whichever the policy provides), the obligation of the insurer accrues. But, if not forbidden by law, the parties to the contract of insurance may provide that the liability of the insurer shall only accrue when the liability of the insured shall be established in a particular way, as by a judgment of court. If the policy so provides, it is not for that reason any the less a contract for liability insurance. Neither does it follow that any third party would have the right to enforce liability of the insurer until the insured's liability had been established as provided in the policy, that is to say, by final judgment against the insured. It is clear, the policy in this case undertakes to

make just such provision. By reason of the rider attached to the policy, all terms and provisions thereof were modified so far (but only so far) as necessary to conform the rights and obligations of the insured and insurer to the statutes of the state, embraced in Vernon's Annotated Civil Statutes, art. 911a, and particularly section 11 thereof. Without this modification of the policy there could be no contention that it gave any third party a direct and primary right to enforce any obligation against the insurer, unless and until the liability of the insured had been established by judgment. The real question is, therefore, narrowed down to this: Does said statute so modify or change the terms of the policy as to confer such right? Or, to be more specific still, the question is: Does such statute abrogate or modify the provisions of the policy which read: "The company shall not be liable to pay any loss, nor shall any action be brought against the company to recover under this policy until a final judgment shall have been recovered against the assured in the court of last resort after trial of the issue." Manifestly, if this provision of the policy remained in force, plaintiff had no cause of action against the insurance company when this suit was filed, or when the plea in abatement was presented to the court for action. Turning to the statute to ascertain if it abrogated such provision, we find its applicable parts to be as follows: " * * * The terms and conditions of said policy or policies * * * are to be such as *to indemnify the applicant* against loss by reason of any personal injury to any person or loss or damage to the property of any person other than the assured and his employees. Such policy or policies shall furthermore provide that the insurer *will pay all judgments* which may be recovered against the insured motor bus company based on claims for loss or damage from personal injury or loss of, or injury to, property occurring during the term of the said policy or policies and arising out of the actual operation of such motor bus or buses, and such policy or policies shall also provide for successive recoveries to the complete exhaustion of the face amount thereof, and that such *judgment will be paid* by the insurer irrespective of the solvency or insolvency of the insured." Article 911a, § 11. The character of insurance is denominated "liability and property damage" insurance. Workmen's compensation insurance is required to be carried in addition to the other kind. Then follows: "The taking out of such *indemnity* policy or policies shall be a condition precedent to any operation and such policy or policies as required under this

Act (Art. 911a; P. C. art. 1690a), shall be approved," etc. (Italics ours.) We find nothing else in the statute which it seems could possibly be thought to provide or relate to a provision either that the insurer's liability accrues before judgment, or that an injured party can maintain suit against the insurer prior to his recovery of judgment against the insured. It seems too plain for argument that the above-quoted provisions of the statute not only do not conflict with said provisions of the policy, but are expressly to the same effect. The *liability to pay* is, according to the express provisions both of the policy and the statute, to *pay a judgment*, and not the loss or damages for which a judgment may be recovered against the insured named in the policy. The statute being plain, the duty of the court is to give effect to it as written.

Our views upon this question accord with the San Antonio Court of Civil Appeals in Cannon Ball Motor Freight Lines v. Grasso, 59 S.W.(2d) 337, and the Amarillo Court of Civil Appeals in Ray v. Moxon, 56 S.W.(2d) 469. We are also cited to federal District Court opinions not available, as holding the same view. Warren v. Kerrville Bus Co., 2 F. Supp. 279; Bransford v. Pageway Coaches, Inc. (U. S. D. C. Tex.).[1]

We are not in accord with the decisions in Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662; Paul v. Dutton (Tex. Civ. App.) 55 S. W.(2d) 606; Commercial Standard Ins. Co. v. Caster (Tex. Civ. App.) 59 S.W.(2d) 931; American Fidelity & Casualty Co. v. Newman (Tex. Civ. App.) 60 S.W.(2d) 482; and the dicta to the same effect in American Fidelity & Casualty Co. v. Williams (Tex. Civ. App.) 34 S.W.(2d) 396.

■ A potential liability which has not accrued at the time suit is filed furnishes a typical case for the remedy of abatement. It is our conclusion, therefore, that the court erred in overruling the plea in abatement.

The plea in abatement of Pageway Coaches, Inc., raises precisely the same question as the plea in abatement of the insurance company. Our conclusion above expressed has the effect of requiring that the insurance company be dismissed from the suit. If we overrule the plea of privilege, then we must sustain the plea in abatement of the insurance company. The effect will be the same as results anyway from our sustaining the plea in abatement of the other defendant. Should we reach the conclusion that notwithstanding our action with reference to the plea in abatement of the Pageway Coaches, Inc., the court below erred in overruling the

[1] Memorandum opinion. Not for publication.

plea of privilege of the insurance company, there could only result the obviously useless procedure of transferring a case as to which we hold as a matter of law there is no right of action. The question involving the plea of privilege, under such circumstances, in a sense becomes moot. Upon these considerations we have concluded that we are justified in not deciding the propriety of the court's action with reference to the plea of privilege.

There is little need for discussing other assignments of error. The finding of the jury upon the issue of unavoidable accident, as that term was defined, was in direct conflict with their findings upon the issues of defendants' negligence. Texas Interurban Ry. Co. v. Hughes (Tex. Civ. App.) 34 S.W.(2d) 1103; Id. (Tex. Com. App.) 53 S.W.(2d) 448. These findings were mutually destructive of each other, and, therefore, left the judgment without proper basis in the verdict.

We are inclined to the opinion that the court erred in submitting the issue calling for a finding of the amount of damages. At least, the damages awarded the minor should be found separately, as the judgment for same is not a judgment for plaintiff, J. H. Bransford, but for the minor. It seems to us that separate issues should have been submitted calling for findings of the damages sustained by each of the different parties who were injured. Still another issue should have covered the property damages to the automobile.

The other errors complained of will probably not arise upon another trial.

It is our conclusion that the judgment of the court below should be reversed and the cause remanded, which is accordingly so ordered.