TEXAS ELECTRIC SERVICE CO. v. HAWTHORNE.

No. 13995.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 8, 1939.

Rehearing Denied Jan. 19, 1940.

532

Bullington, Humphrey & King and Frank Ikard, all of Wichita Falls, for appellant.

Napier & Napier, of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

For some fifteen years the Texas Electric Service Company had been employed by the City of Wichita Falls to repair its electric traffic lights, installed to light its public streets. On December 26th, 1935, C. E. Young, one of its employees, undertook to repair a traffic light located immediately above the center of the intersection of 9th Street, running in a northerly and easterly direction, and Scott Street, running in a northerly and southerly direction. Each of the two streets was 60 feet wide, and the two streets run at right angles to each other. In making repairs on that light, Young used a Ford V-8 pickup truck, which he parked directly under the light. Attached to the bed of the truck was a ladder, on which Young climbed to reach the light to be repaired. He had no helper and did the work without assistance of any other employee of the Electric Company. The intersection of 9th and Scott Streets was in the business section of the city, where there was much of automobile traffic. In order to repair the light, Young, who was the only employee on the truck, climbed the ladder, and while standing thereon, there was a collision between an automobile driven by J. E. Dodson and traveling west on 9th Street, and an automobile driven by H. T. Hellman, who was traveling east on 9th Street, before reaching the street intersection, but who, upon reaching it, suddenly turned to his left, north on Scott Street, passing the pickup truck on its near side, instead of going around and passing it on its east side. Just as he passed the truck, there was a collision between his car and the Dodson car, on the intersection of the two streets, just north of the truck. There was sufficient space between the truck and the north line of 9th Street for the Dodson car to pass, and that car was traveling within that space just prior to the collision. The collision occurred in daylight, with nothing to obscure visibility.

Miss Evelyn Hawthorne, a sister-in-law of J. E. Dodson, was a visitor in his home, and was riding with him as his guest at the time of the collision. As a result of the collision, she sustained personal injuries, and this suit was instituted by her against the Texas Electric Service Company and H. T. Hellman, for recovery of damages for those injuries. But it appears from the record before us that plaintiff took a non-suit as against H. T. Hellman.

A trial before a jury resulted in a verdict for plaintiff against the Texas Electric Service Company, for the sum of $2,500, for which judgment was rendered, with interest thereon at the rate of six per cent per annum from December 26th, 1935, the date of the collision, and costs of suit. This appeal has been prosecuted by defendant, Texas Electric Service Company.

In answer to the first three special issues, the jury found that the defendant's truck obstructed the view of J. E. Dodson prior to the collision. That defendant's employee on the truck was guilty of negligence in failing to warn J. E. Dodson of the presence of the approaching Hellman car; and said negligence was the proximate cause of plaintiff's injuries. Those issues were duly tendered in plaintiff's pleading as the sole basis for her right of recovery.

There were further findings that both Dodson and Hellman were guilty of negligence in certain particulars, but that same were not the sole proximate cause of plaintiff's injuries. It is not necessary to further notice those findings; in view of our conclusions hereinafter noted.

"It is an elementary principle of law that negligence is a failure to observe a legal duty. * * * When no duty exists no legal liability can arise on account of negligence." 30 Tex.Jur., para. 3, page 649. That announcement is supported by numerous decisions cited, including City of Wichita Falls v. Swartz, Tex.Civ.App., 57 S.W.2d 236; Missouri, K. & T. R. Co. v. Byrd, 58 Tex.Civ.App. 609, 124 S.W. 738; Lancaster v. Hall, Tex.Civ.App., 277 S.W. 776; Guardian Savings & Loan Ass'n v. Liberty State Bank, Tex.Civ.App., 60 S.W.2d 823.

"In order that there may be an actionable tort there must have been a legal duty—imposed by statute or otherwise—owing by the defendant to the person injured. As to whether the actor is liable for a breach of duty depends on matters such as whether it resulted in an injury to someone to whom the duty was owing in such a manner as to make the breach a legal cause of the injury. Thus a person is under no duty to cut down a natural growth of trees on his land although the trees shade the land of another and sap its fertility, so long as the roots or branches neither penetrate nor overhang the adjoining land." 41 Tex.Jur., para. 3, page 360.

"There can be no actionable negligence in the absence of some duty which has been neglected or violated." 45 C.J., para. 16, page 639; citing a vast array of decisions, including many Texas decisions. See, also, 20 R.C.L., para. 7, page 9.

■ It is hardly necessary to add that whether defendant, acting through its employee, Young, owed to J. E. Dodson the legal duty to warn him of the presence and approach of the Hellman car, under the undisputed facts above noted, was a question of law to be determined by the court, in the first instance, rather than by the jury.

■ It is our conclusion that the evidence was insufficient, as a matter of law, to show such duty, and for that reason there was no proper basis for the findings of negligence on which the recovery was predicated. Defendant's pickup truck was rightfully on the street intersection and defendant's undertaking to repair the light was likewise lawful. Indeed, such rights are not questioned by plaintiff in her pleadings, nor here. The defendant, acting through its employee, Young, while engaged in repairing the traffic light overhead, had the lawful right to assume that travelers over the street intersection would obey traffic regulations and exercise reasonable foresight to avoid collisions between the cars they were operating, and could not be charged with the legal duty to keep watch in two opposite directions for cars approaching the intersection on 9th Street and discover and give prior notice to Dodson of danger of collision with the Hellman car when that car made the left hand turn on Scott Street. If it was the duty of Young, as defendant's employee, to keep such watch for approaching cars on 9th Street, then it was no less his duty to keep the same watch for cars approaching the intersection in opposite directions on Scott Street and give the same warnings to operators of cars on that street. In other words, it would have been his duty to watch cars approaching the intersection from four different directions, foresee probable dangers of collisions, and warn drivers of such dangers in time for them to avoid such collisions, all while engaged in repairing the light, which would be unreasonable if not impossible. As suggested in appellant's brief, if Young was required to adopt such a course, he would have had no time to repair the light, and therefore defendant and the City of Wichita Falls would be deprived of valuable rights vested in them by the laws of the country, and in which the traveling public was vitally interested.

This conclusion is well supported by many decisions in this State, such as St. Louis Southwestern R. Co. v. Arey, 107 Tex. 366, 179 S.W. 860, L.R.A.1916B, 1065; Texas Interurban Ry. v. Hughes, Tex.Civ.App., 34 S.W.2d 1103; Id., Tex. Com.App., 53 S.W.2d 448; Wichita Valley R. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714; Texas & N. O. R. Co. v. Stratton, Tex.Civ.App., 74 S.W.2d 741, error refused; Kypfer v. Texas & Pacific R. Co., Tex.Civ.App., 88 S.W.2d 528.

■ We do not believe authorities cited by appellee which involve essentially different facts from the facts of this case, are at variance in principle, with our foregoing conclusion.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered in favor of appellant; without the necessity of determining further assignments complaining of excessiveness of damages found by the jury and admission of evidence on the issue of damages.

Reversed and rendered.