## GIBSON OIL CORPORATION v. GRAYBURG OIL CO. et al.

### No. 3624.

Court of Civil Appeals of Texas. Amarillo. June 10, 1931.

Shannon, Ochsner & Pheiffer, of Amarillo, for appellant.

Ingrum & Smith, of San Antonio, and Morgan, Culton, Morgan & Britain, of Amarillo, for appellees.

HALL, C. J.

The appellant, as plaintiff, sued A. T. Herd, Allen L. Hawse, and the Grayburg Oil Company, alleging, in substance, that Herd had executed eight notes for the sum of $5,000 each on September 27, 1928, payable to plaintiff, and as security for the payment of said notes, executed and delivered a mortgage upon certain mineral interests in Pecos and Crockett counties, Tex. The plaintiff further alleged that in the execution of said notes and mortgage, Herd was acting for himself and the defendant Hawse. That through a certain transaction between Hawse and the Grayburg Oil Company, the latter had acquired the title to the mineral property and agreed to pay therefor $125,000 to Hawse in deferred payments. It was alleged that the residence of Herd was unknown, and no service by publication was ever attempted to be made as to him. Hawse was alleged to be a resident of Richmond, Va., and notice to serve nonresident defendant was duly served upon him. He made no appearance in the case. Plaintiff prayed for and sought to re-

cover a judgment against Hawse for the amount due on the notes, asked for the foreclosure of its mortgage lien on the mineral properties, sought a discovery as against the defendant Oil Company of the amount which it owed Hawse; further prayed for a foreclosure of its mortgage lien, and that, in the event of a deficiency of money due from the Grayburg Oil Company to Hawse, the mineral estates described in the mortgage be sold, that a receiver be appointed to collect and receive the proceeds and whatever amount might be found to be due from the Grayburg Oil Company to Hawse, and to disburse the same, subject to the orders of the court.

The defendant Grayburg Oil Company filed a plea of privilege to be sued in Bexar county, where it is admitted that it had its principal office and place of business.

■■■ By controverting affidavit, the plaintiff repeated certain allegations of the petition to the effect that the defendant Grayburg Oil Company, was the owner of an oil and gas lease purchased from the defendant Hawse on September 1, 1929. That on said date plaintiff was the owner of the notes and mortgage hereinabove referred to, and that the defendant Oil Company purchased the lease with full notice of plaintiff's rights. It was alleged therein that the notes were executed by Herd for himself and on behalf of Hawse and in said suit plaintiff is seeking a foreclosure of its mortgage lien and to impound certain moneys due from defendant Grayburg Oil Company to defendant Hawse on account of the purchase price of said lease. The nonresidence of Hawse is alleged and jurisdiction is claimed for the district court of Potter county because of the nonresidence of said Hawse, and the further fact that plaintiff's residence is in Potter county. It is further alleged that Hawse and Grayburg Oil Company are necessary parties to the suit, and for that reason the jurisdiction under Rev. St. 1925, art. 1995, subds. 3, 23, and 29a, as added by Acts 40th Leg., 1st Called Sess., c. 72 (Vernon's Ann. Civ. St. art. 1995, subd. 29a) is in the district court of Potter county. The notes and the mortgage upon which the action is based were admitted in evidence, but it was not shown that either Hawse or the appellee Oil Company had any interest either in the notes, the mortgage, or the mineral estates described in the mortgage. There is no evidence to the effect that Herd was acting for himself and Hawse in the execution of said instruments, nor is there any evidence that the appellee company had acquired title to the mineral estate, and had agreed to pay Hawse $125,000 as a deferred payment.

The court heard the pleadings and the evidence and sustained the plea of privilege, and ordered the entire case transferred to Bexar county. As stated, Herd was dismissed from the suit, Hawse made no appearance, and is making no objection in this court to the change of venue, though appellant insists that the court had no right to transfer the case, in so far as the issues between it and Hawse are concerned, to Bexar county. It may be admitted that under the allegations showing that Hawse was a nonresident defendant and had been served with written notice under the statute, and that plaintiff was a corporation with its principal office in Potter county, that the district court of Potter county had jurisdiction; but, no evidence was offered, as hereinbefore stated, to sustain the necessary allegations to give the district court of Potter county jurisdiction. When a plea of privilege is filed, the plaintiff, in order to maintain jurisdiction in the forum where he has filed his petition, must not only plead a cause of action against all defendants, but by his proof he must show that the particular forum had jurisdiction of the party residing there, or if he be a nonresident, must by his proof show that the court had jurisdiction under some other exception to article 1995. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Greenville Gas &' Fuel Co. v. Commercial Finance Company, 117 Tex. 124, 298 S. W. 550; Johnson v. Dallas C. & W. Co. (Tex. Com. App.) 34 S.W.(2d) 845; Richardson v. Cage, 113 Tex. 152, 252 S. W. 747, 748; First National Bank v. Bulls (Tex. Civ. App.) 243 S. W. 577.

Because of the failure of proof, we think the court properly changed the venue of the case, and the judgment is affirmed.