## AMERICAN FIDELITY & CASUALTY CO. v. NEWMAN.

No. 7833.

Court of Civil Appeals of Texas. Austin.

April 26, 1933.

Rehearing Denied May 17, 1933.

J. W. Wheeler and Senator A. E. Wood, both of Austin, John H. Awtry, of Dallas, and Dan Moody, of Austin, for appellant.

Tom Gambrell and Fred Blundell, both of Lockhart, and Hart, Patterson, & Hart, of Austin, for appellee.

BAUGH, Justice.

In December, 1929, G. J. Merritt was operating a motorbus as a common carrier for hire over a public highway between the towns of Lockhart and San Marcos, Tex., under a permit issued to him by the Railroad Commission. In compliance with the provisions of section 11, Acts 1927, 40th Leg., p. 399, c. 270 (Vernon's Ann. Civ. St. article 911a, § 11), he carried a public liability and property damage insurance policy issued to him by appellant. On December 24, 1929, Charles F. Newman, appellee, while a passenger on said motorbus, is alleged to have received

personal injuries in Caldwell county, due to the negligence of its operator. He brought this suit in the district court of that county for damages against said G. J. Merritt, the motorbus owner, and joined in the same suit the appellant as insurer. Appellant filed its plea of privilege, alleging that it was a Virginia corporation, having a permit to do business in Texas, with its principal office in Dallas, Tex., and that it had no agent in Caldwell county; and asked that venue as to it be transferred to Dallas county. This plea was duly controverted and after a hearing thereon overruled; from which order this appeal is prosecuted.

The first issue presented is whether appellant is, under subdivisions 4 and 29a of article 1995, Vernon's Ann. Civ. St., a proper or necessary party to appellee's suit. If so, the Caldwell county district court had jurisdiction over appellant. If not, appellant's plea should have been sustained. This in turn depends upon whether appellant's undertaking was a liability policy or merely an indemnity policy; that is, whether appellant was primarily liable for the damages sustained, or was liable only as indemnitor to repay to Merritt what he was compelled to pay out as such damages after final judgment against him.

While said policy did provide, among other things, that appellant would not be liable thereunder "until a final judgment shall have been recovered against the assured," it indemnified the assured against loss imposed by law resulting from claims upon the assured, and stipulated that the policy was written pursuant to the provisions of the Motorbus Act above referred to; and that its liability was to be fixed in keeping with the provisions of subdivision 11 of said act, anything in the policy to the contrary notwithstanding. Clearly, therefore, appellant's liability is determinable under the provisions of subdivision 11 of said Motorbus Act.

We do not deem any extended discussion of this issue necessary. The express language of the act itself requires "the owner or operator to first procure liability and property damage insurance" before permit to operate is authorized to be granted by the Railroad Commission. It also provides that "such policy or policies shall furthermore provide that the insurer will pay all judgments which may be recovered against the insured * * * on claims for loss or damage from personal injury * * * and that such judgment will be paid by the insurer irrespective of the solvency or insolvency of the insured." These provisions of the statute both as a matter of law and by the express terms of the policy itself are to be read into the policy. It is clear, we think, that such provisions fix not only a primary but an absolute liability on the insurer, not merely to indemnify the assured against

what he might be compelled to pay out after judgment, but to itself pay such judgment or claim regardless of whether the insured motorbus owner had or could pay same; and that this protection clearly inured to the benefit of the injured party. That being true, appellant was a proper party to appellee's suit in Caldwell county. Similar policies under this same act have been before the Courts of Civil Appeals at Amarillo in American Fidelity & Casualty Co. v. Williams, 34 S.W. (2d) 396 (writ ref.), and at Beaumont in Monzingo v. Jones, 34 S.W.(2d) 662, and in Paul v. Dutton, 55 S.W.(2d) 606, 609, both of which courts have held that a primary liability on the part of the insurer was created. See, also, Tex. Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423; Kuntz v. Spence (Tex. Civ. App.) 48 S.W.(2d) 413; Thurman v. Chandler (Tex. Civ. App.) 52 S.W.(2d) 315; Pickens v. Seaton (Tex. Civ. App.) 51 S.W.(2d) 1050; 5 Tex. Jur. 662.

Appellant cites to the contrary an opinion of Judge West in Warner v. Kerrville Bus Co. (D. C.) 2 F. Supp. 279, construing this act of the Legislature as not imposing a primary liability, and refusing to follow the Monzingo and Longoria Cases, supra. Not only are we not bound by this construction of our statute by a federal District Court, but Judge West's opinion is in direct conflict with that of Judge Hutcheson in Lake v. Texas News Co. (D. C.) 51 F.(2d) 862, and of Judge Kennerly in Haenni v. Craven (D. C.) 56 F.(2d) 261.

Clearly, therefore, the insurance company was properly joined with Merritt in this suit.

Appellant next contends that its plea was improperly overruled because the evidence fails to show that it was a proper or necessary party to the suit. This contention is not sustained. It is now too well settled to require citation of authorities that, as against a plea of privilege duly filed, plaintiff must both allege and prove sufficient facts to retain venue where suit is filed. The sufficiency of appellee's controverting plea in the instant case in this respect is not questioned. Other than the copy of appellant's policy of insurance involved, the statement of facts herein consists wholly of stipulations as to facts, agreed to by the parties, no witnesses having testified. The stipulation might easily have been made more specific in the respects complained of, but when given a liberal interpretation, as it should be, it was, we think, sufficient. It is obvious that appellant's chief, if not its whole, contention both in the trial court and on this appeal, as a basis for its plea of privilege, was and is that its policy was one of indemnity only and not of liability; and not that appellee's claims did not come within the purview of the policy. The agreement shows that Merritt was operating said motorbus line over the route indicated; that he was insured by the policy introduced,

which identified the busses covered; that he had a legal permit; that the injuries occurred in Caldwell county; that Merritt resided in that county; that appellee "would testify that he sustained the injuries complained of"; and that both the plea of privilege and the controverting affidavit were introduced in evidence. Appellee's controverting affidavit, in addition to identifying the policy in question and alleging that it covered all busses, in one of which appellee was riding, expressly adopted by reference the allegations of fact as to the injury sustained contained in his original petition. While, of course, these pleadings are not evidence of the facts alleged, they are evidence of what those allegations were. And the "injuries complained of," as stated in the agreement, are referable to those allegations to disclose, for purposes of the plea of privilege, what those injuries were. And when that is done, added to the other stipulations, there is disclosed injuries to appellee, charged to the negligence of Merritt's agent, received while riding in a motorbus of Merritt, being legally operated over the highway and covered in that operation at the time by the insurance policy identified and in evidence. This was clearly sufficient to show prima facie a probable cause of action against appellant and Merritt triable in one suit in Caldwell county.

Finding no error in the record, the judgment of the trial court is affirmed.