FUSTON et ux. v. FORT WORTH & D., S.
P. RY. CO. et al.

No. 4144.

Court of Civil Appeals of Texas. Amarillo.
Jan. 29, 1934.

W. W. Kirk, of Plainview, for appellants.

Morgan, Culton, Morgan & Britain, of Amarillo, and Thompson & Barwise, of Fort Worth, for appellees.

HALL, Chief Justice.

The appellant, joined by his wife, sued the Fort Worth & Denver City Railway Company and the Fort Worth & Denver, South Plains Railway Company to recover damages on account of the death of their three minor children.

The appellants alleged that in July, 1928, they resided in Hall county, Tex.; that the defendants owned and operated lines of railway through said county and across certain lands situated in Briscoe county; that they had a local agent in the town of Silverton in Briscoe county; that the line of railroad situated in Briscoe county was negligently constructed and the maintenance thereof across said lands was neglected prior to said date; that, as the proximate result of the negligent construction of the roadbed of said railway and the negligence in the maintenance thereof, and as a result of a rain which fell on said date, the plaintiffs' house was surrounded with flood waters, and in an effort to escape their three minor children were drowned. The amended petition was filed in May, 1933.

The defendants filed their plea of privilege praying that said case be transferred to Hall county.

The plaintiffs filed their controverting affidavit and on May 12, 1933, the court sustained the plea of privilege and ordered the case transferred to the district court of Hall county. From this judgment the plaintiffs have appealed.

There is no statement of facts in the record, nor did the court file findings of fact. The record fails to show that the plaintiffs introduced any evidence whatever to sustain the allegations of their controverting affidavit.

It is settled that the filing of a plea of privilege entitles the defendant to a change of venue unless the plaintiff files a controverting affidavit showing his right to prosecute the suit in the county where it is filed. The controverting affidavit is not evidence, and the facts alleged therein must be sustained by competent proof; the burden being upon the plaintiff to do so. American Fidelity & Casualty Co. v. Newman (Tex. Civ. App.) 60 S.W.(2d) 482; Goodrum v. Hobbs (Tex. Civ. App.) 60 S.W.(2d) 298; A. Harris & Co. v. Cook (Tex. Civ. App.) 62 S.W. (2d) 205; Bender v. Armstrong (Tex. Civ. App.) 59 S.W.(2d) 451.

It is also held that the plaintiff must introduce sufficient evidence to make out a prima facie case of liability. American Fidelity & Casualty Co. v. Newman (Tex. Civ. App.) 60 S.W.(2d) 482; Jones v. Womack-

Henning & Rollins (Tex. Civ. App.) 53 S.W. (2d) 635; Gibson Oil Corporation v. Grayburg Oil Co. (Tex. Civ. App.) 40 S.W.(2d) 222.

In the absence of any testimony on the part of the plaintiff, it was clearly the duty of the trial court to order the case transferred. Moreover, it is provided by R. S. art. 1995, subd. 25, that suits against railroad corporations for damages arising from personal injuries resulting in death or otherwise shall be brought either in the county in which the injury occurred or in which the plaintiff resided at the time of the injury. In the absence of any testimony, every reasonable presumption must be indulged in favor of the judgment. Under the statute, the effect of the plea of privilege, in the absence of evidence by the plaintiffs, was to require the trial judge to make the transfer.

No error is shown, and the judgment is affirmed.

MARTIN, J., not sitting.