## WHERRY et ux. v. INMAN.
### No. 3099.

Court of Civil Appeals of Texas. El Paso.
Jan. 3, 1935.

Rehearing Denied Jan. 17, 1935.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellants.

Webb & Webb, of Sherman (G. P. Webb, of Sherman, of counsel), for appellee.

WALTHALL, Justice.

In this case appellee George A. Inman sued appellants, L. P. Wherry and wife, Anna Mae Wherry, in Grayson county, for damages which he alleges he sustained by reason of the negligence of appellants in causing a collision between the automobile driven by appellants and the automobile in which appellee was riding. For cause of action appellee alleged: That he was operating an automobile westerly on Highway No. 5, just outside of the city limits east of Sherman, Tex., on the right-hand side of the road. "That the defendants (appellants) were operating a car from the same direction going in the same direction."

The negligent acts assigned as proximately causing the collision and damage complained of are: (1) Appellants undertook to pass appellee and others proceeding in the same direction without first ascertaining that the road was clear to permit said car to pass. (2) Driving said car in excess of twenty miles per hour. (3) Negligent in driving said car contrary to the state laws and, independent of the said laws, operating said car at a negligent rate of speed. (4) Negligently operating said car without pulling out far enough to avoid colliding with appellee.

Appellee alleged that each and every act of negligence complained of, acting separately and concurrently, directly and proximately brought about and caused the collision and the consequent injuries complained of.

Appellee stated the damage to his automobile and his personal injuries; that said injuries are permanent; that he suffered mental anguish and physical pain and that he will continue so to suffer throughout life; and that by reason of said injuries he has suffered total and permanent incapacity to work and earn money, and in the alternative he has suffered impaired capacity to labor.

Appellee states the value of his damages to his automobile and to his person and asks judgment for same.

Appellants, in due time, each separately filed a verified plea of privilege to be sued in Cooke county, the place of their residence. The pleas are in usual form of such pleas.

After filing their respective pleas and without waiving them, but still insisting on said pleas, appellants file their original answer consisting of a general demurrer and general denial.

Appellee, in due time filed a verified controverting affidavit. The controverting affidavit states that appellants "were operating a car from the opposite direction going easterly," instead of operating the car "from the same direction" as in the petition.

The controverting affidavit stated the negligent acts of appellants, substantially as follows: (1) That appellants and each of them negligently undertook to pass appellee and others proceeding in the same direction and others proceeding in the opposite direction, without first ascertaining that the road was clear to permit said car to pass. (2) In driving said car at an excess of fifty miles an hour. (3) Operating said car at a negligent rate of speed. (4) That appellants operated said car to the left of the center line of the pavement. (5) That appellants and each of them negligently propelled said car with and against appellee's car.

The controverting affidavit alleged the injuries sustained and suffered by appellee, as in the petition stated above. The affidavit alleged that the defendants, and each of them, "committed a trespass in Grayson County, Texas. That the defendants, and each of them, committed acts of active negligence against this plaintiff," and that section 9, art. 1995, R. C. S. of 1925, applies in this case.

Appellee asked that the plea of privilege be overruled.

The court heard the evidence and overruled the pleas of privilege, to which appellants excepted and prosecute this appeal.

### Opinion.

Appellants' several assignments of error are grouped in their brief under five points. The first two points submit that the acts of negligence alleged in the controverting affidavit are different from the acts of negligence alleged in the petition, so much so that the evidence sustaining the allegations of negligence in the controverting affidavit would not be admissible to support the allegations of negligence in the petition, and vice versa.

The petition, in each of its four assigned acts on the part of appellants complained of, assigns negligence on the part of appellants, several negligent acts acting severally and concurrently, directly and proximately caused the collision and resultant injuries complained of, and which, if proved, would show or tend to show a trespass, that is, wrongful acts on the part of appellants, and no cause of action other than a trespass.

The controverting affidavit, with slight variance in its verbiage from the petition, alleged practically the same acts of negligence as in the petition, each showing or tending to show, as a result, a trespass, and no cause of action other than a trespass. It is true that the petition and the controverting affidavit each alleged that at the time of the collision appellants were operating a car from the same direction going in the same direction as was appellee, while the uncontroverted evidence showed that at the time and place of the collision the cars in the collision were going in opposite directions.

The exception to the statutory rule that appellants shall not be sued out of the county of their domicile is a suit based upon a tres-

pass may be brought in the county where the trespass was committed.

■■ It is the character of suit brought that gives venue in the forum where the suit is filed. It is incumbent upon the plaintiff not only to allege, but to prove, the facts which give venue in the forum where the suit is brought. The question then is presented: Would a trespass, a wrongful act, be alleged and shown, in either event, whether the appellants were going in the same or in the opposite direction at the time of the collision. We think it would. Now, while it is incumbent upon the appellee to not only allege and prove a prima facie cause of trespass, we are stating the rule only as to venue, and do not mean to intimate that, on a full hearing, whether the evidence in the record does or does not show an active trespass; that question is to be determined in a trial on the merits. The trial court in overruling the pleas of privilege tentatively determined the sufficiency of the evidence prima facie to show a trespass.

■ From the public records, such as the act of the Legislature creating the county of Grayson and providing for the location of the county seat to be named "Sherman," showing the county seat to be within three miles of the geographic center of the county, the location of Sherman is judicially known. Gammel's Law, vol. 2, p. 1313.

■ Also Senate Bill No. 275, chapter 6, of the Acts of the Legislature, 19th day of April, 1895, incorporating the city of Sherman, and recorded by the secretary of state, the courts take judicial knowledge of the fact that the place where the evidence shows the collision occurred is in Grayson county.

We have concluded that the court was not in error in overruling the pleas of privilege.

The case is affirmed.

On Appellants' Motion for Rehearing and to Certify.

Appellants here contend that our decision in this case is in conflict with Witting v. Towns (Tex. Civ. App.) 265 S. W. 410; Browne v. Heid Bros., Inc. (Tex. Civ. App.) 12 S.W.(2d) 587; Sayeg v. Federal Mortgage Co. (Tex. Civ. App.) 16 S.W.(2d) 567; Austin v. Grissom-Robertson Stores (Tex. Civ. App.) 32 S.W.(2d) 205, and for that reason contend that we should grant them a rehearing, or, in any event, certify the question involved to the Supreme Court.

From a careful reading of those authorities we find that they are upon different facts and do not conflict with our holding in the original opinion.

In Witting v. Towns the cause of action was for debt and to foreclose a lien, while in the affidavit fraud was alleged and a recovery sought thereon. The court properly held that a different cause of action could not be set up in the controverting affidavit.

In Browne v. Heid Bros., Inc., Heid Bros. alleged that twenty cars of oats had been shipped to them at El Paso by appellant at an agreed price of 33½ cents per bushel; that appellant demanded 34½ cents per bushel, but later promised to reimburse Heid Bros. the one cent per bushel if they would receive the oats. In the controverting affidavit Heid Bros., among other things, alleged that the agreement was that the cars were to be delivered, weights and grades guaranteed, at destination. This court merely held such allegations to be irrelevant, and the judgment was reversed upon the facts.

In Sayeg v. Federal Mortgage Co., the petition alleged an action of debt, and a cause of action based on fraud was attempted to be set up in the controverting affidavit. We held that such could not be done.

In Austin v. Grissom-Robertson Stores, the judgment was reversed because the evidence failed to show that appellees relied upon the representations made in Taylor county. Therefore a decision on the question as to whether or not there was a variance between the petition and the controverting affidavit was not necessary.

After careful consideration, we have decided that there is not such a variance in the case at bar between the petition and the allegations of the controverting affidavit as to call for a reversal of the judgment. Both motions are accordingly overruled.