## AMERICAN FIDELITY & CASUALTY CO. v. NEWMAN.

### No. 7833.

Court of Civil Appeals of Texas. Austin.
June 1, 1935.

Wheeler & Fraser and A. E. Wood, all of Austin, John H. Awtry, of Dallas, and Dan Moody, of Austin, for appellant.

Tom Gambrell and Fred Blundell, both of Lockhart, and Hart, Patterson & Hart, of Austin, for appellee.

BAUGH, Justice.

At a former term of this court, we affirmed the judgment of the district court of Caldwell county overruling the plea of privilege .of the American Fidelity & Casualty Company to be sued in the district court of Dallas county [60 S.W.(2d) 482]. Subsequent thereto the appellant applied to the Supreme Court for writ of mandamus to require this court to certify to the Supreme Court the questions of law involved. See American Fid. & Cas. Co. v. McClendon, C. J., et al. (Tex. Com. App.) 81 S.W.(2d) 493. On April 3, 1935, the Supreme Court, in Grasso v. Cannon Ball Motor Freight Lines, 81 S.W.(2d) 482, which case involved the same 'question as that involved in this case, determined that the insurance company was not a proper or necessary party to the suit filed by the plaintiff against the motor carrier. In the opinion rendered on appellant's application for a writ of mandamus, the Supreme Court ordered the writ to issue, but made the following holding: "Should, however, the Honorable Court of Civil Appeals, in .view of the decision this day made in the · case of Grasso v. Cannon Ball Motor Freight Lines [(Tex. Com. App.) 81 S.W. (2d) 482], set aside its previous judgment and enter judgment in accordance with our decision in that case [Cannon Ball Motor Freight Lines v. Grasso, 81 S.W. (2d) 482], it will not be necessary for it to certify the question to this court."

In accordance, therefore, with the holding of the Supreme Court in the Grasso Case, and the suggestion made as above quoted, our former judgment affirming the judgment of the trial court is set aside, and in lieu thereof the following judgment is entered: The judgment of the trial court is reversed, with instructions to the trial court to transfer the case, in so far as the defendant American Fidelity & Casualty Company is concerned, to the district court of Dallas county, in accordance with the plea of privilege filed by it.

The clerk of this court is directed to transmit to the clerk of the Supreme Court certified copy of this judgment showing compliance by this court with the suggestion made in the opinion of the Supreme Court upon said application for the writ of mandamus.

Former judgment set aside; judgment of trial court reversed, with instructions.