## MERRITT et al. v. NEWMAN.

No. 8024.

Court of Civil Appeals of Texas. Austin.

July 3, 1935.

Dan Moody, of Austin, for appellants.

Fred Blundell and Tom Gambrell, both of Lockhart, and Hart, Patterson & Hart, of Austin, for appellee.

BAUGH, Justice.

Appeal is from a judgment for damages for personal injuries in favor of Newman against Merritt and the American Fidelity & Casualty Company. Merritt operated a motorbus line in Caldwell county. The casualty company had, as provided in article 911a, § 11, Vernon's Ann. Civ. St. (Acts 1927, 40th Leg., p. 399, ch. 270, § 11), executed the insurance policy therein required. Newman was injured while a passenger on one of Merritt's motorbusses. The following is a brief history of this case:

The appellee sued both the operator of said motorbus and his insurance carrier. The insurance company filed its plea of privilege to be sued in Dallas county, which was overruled, and appeal therefrom prosecuted to this court. On that appeal we affirmed the trial court's judgment overruling such plea, and held that the insurer was a proper party to said suit. See Am. Fid. & Cas. Co. v. Newman (Tex. Civ. App.) 60 S.W.(2d) 482. Thereafter, in Am. Fid. & Cas. Co. v. McClendon (Tex. Com. App.) 81 S.W.(2d) 493, in an opinion predicated upon Grasso v. Cannon Ball Motor Freight Lines (Tex. Com. App.) 81 S.W.(2d) 482, the Supreme Court held that such insurer was not a proper party defendant to such suit. Meantime, however, the mandate having issued out of this court, the instant case was tried to a jury upon special issues against both of said defendants, and a judgment for $3,000 rendered against Merritt and the insurance company jointly and severally, from which judgment said defendants have prosecuted this joint appeal.

In the light of the decision of the Supreme Court, therefore, the judgment against the insurance company cannot be sustained. Both the pleadings and the evidence in the instant case show that whatever judgment was rendered, not in excess of $5,000, the insurance company under its policy was obligated to pay it. The improper joinder of the insurance company, under these circumstances, may have influenced, and probably did influence, the jury in their findings on the issues of negligence charged against Merritt, and in the amount of the damages found. The

judgment being joint and several, under the general rule as announced in 3 Tex. Jur. p. 1159, § 815, the proper course is to reverse it as to both parties without respect to the other errors, if any, committed upon the trial below.

Under these circumstances it becomes unnecessary for us to pass upon the numerous errors charged to have been otherwise committed by the trial court. And for the reasons stated, the judgment of the trial court is reversed, and the cause, as to appellant American Fidelity & Casualty Company, ordered transferred to the district court of Dallas county, Tex., in accordance with its plea of privilege filed in this cause. As to appellant Merritt, the judgment is reversed and the cause remanded for another trial.

Reversed and transferred as to American Fidelity & Casualty Company; reversed and remanded as to Merritt.