## NIELSON et al. v. JACKSON.

No. 11683.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 26, 1947.

Rehearing Denied March 26, 1947.

Lloyd & Lloyd, of Alice, for appellants.

Perkins & Floyd, of Alice, and Gus L. Kowalski, of Kingsville, for appellee.

MURRAY, Justice.

This is a plea of privilege case in which venue is sought to be maintained in Jim Wells County, Texas, under the provisions of Subdivision 9 of Article 1995, Vernon's Ann.Civ.Stats., because of alleged acts of negligence on the part of Percy Andrew Nielson and Clarence Nielson, constituting a trespass within the meaning of Subdivision 9. The hearing was before the court without a jury and judgment was entered overruling the plea of privilege, from which judgment the Nielsons have prosecuted this appeal.

The first contention is that there is no proof that the collision which is the basis of the suit, took place in Jim Wells County. We overrule this contention. There is abundant proof that the collision occurred between the City of Alice, which is the County Seat of Jim Wells County, and the little town of Ben Bolt, on the highway to Falfurrias and Kingsville. W. O. Borden, a witness, testified that he had lived in Jim Wells County since September 13, 1937, and that he lived in Ben Bolt up until the time he moved to Alice, on October 23, 1946. In the absence of any testimony to the contrary, we deduct from this that the highway between Alice and Ben Bolt is in Jim Wells County, and that the collision occurred in Jim Wells County. Indemnity Insurance Company v. Williams, Tex.Civ.App., 69 S.W.2d 519, 528; Wherry v. Inman, Tex.Civ.App., 77 S.W.2d 1083.

The next contention is that the evidence is insufficient to support an implied finding that a trespass was committed in Jim Wells County. We overrule this contention. The evidence is sufficient to show that at least one proximate cause of the collision between appellants' truck and appellee's Chevrolet coupe automobile was the fact that the truck was being operated on the wrong side of the highway. The truck was traveling in a northerly direction, while the Chevrolet automobile was traveling in a southerly direction, thus it was the duty of the truck to pass on the east half of the highway, and the duty of the Chevrolet car to pass on the west half of the highway. Appellee, Jackson, was a passenger in the Chevrolet coupe and J. A. King was its driver. According to the testimony of both appellee and King, the truck first pulled to the east, as if to pass some

**832**

object in the highway, variously described as a barrel, keg or box, and then swerved to the west and into the path of the Chevrolet coupe, traveling on its own proper side of the highway. King, the driver of the coupe, drove to the west until he was partly off the paved portion of the highway when the collision occurred. This is sufficient evidence to support a finding that the driver of the truck was operating it on the wrong side of the road at the time of the collision, which would amount to a trespass. Straus-Bodenheimer Co. v. Marshall, Tex.Civ.App., 91 S.W.2d 865; Columbian Fuel Corporation v. Summers, Tex.Civ.App., 134 S.W.2d 694; Musslewhite v. Vos, Tex.Civ.App., 127 S.W.2d 969.

■ It is true that the witness James T. Bradley, a Texas Highway Patrolman, testified to certain physical facts that he found at the scene of the collision, which tend to contradict the testimony given by Jackson and King, but inasmuch as the trial court overruled the plea of privilege, we can only investigate to see whether or not there is evidence in the record sufficient to support such ruling, and the fact that the evidence is contradicted is unimportant.

The judgment is affirmed.