covery of title by reason of prior possession. Lund v. Doyno, 127 Tex. 19, 91 S. W.2d 315; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Bates v. Bacon, 66 Tex. 348, 1 S.W. 256.

The judgments of the Court of Civil Appeals and the District Court are reversed and the cause is remanded to the District Court.

## CREE et al. v. MILLER.

### No. 2883.

Court of Civil Appeals of Texas. Eastland.

Sept. 7, 1951.

Rehearing Denied Sept. 28, 1951.

Max Addison and Crenshaw, Dupree & Milam, all of Lubbock, for appellant.

Bob Huff, John Splawn, Jr., Lamesa, for appellee.

GRISSOM, Chief Justice.

Miller sued Cree and Big 6 Trucking Company, a corporation, in Dawson County. Defendants' pleas of privilege were overruled and they have appealed.

Miller alleged in his controverting affidavit that appellants committed a crime, offense and trespass in Dawson County and, therefore, the suit was maintainable in said county under exception 9, Art. 1995, Vernon's Ann.Civ.St. He alleged the violation of many sections of the Penal Code and the Uniform Act Regulating Traffic on Highways, Art. 6701d. Among

other things, appellee alleged that on March 2, 1950, "at 5:30 A.M." he was driving his truck west on Highway 180, 16 miles east of Lamesa on the Snyder highway just prior to arriving at what is known as the rim of the cap rock, when he came upon defendants' parked tractor and semi-trailer, loaded with about 40,000 pounds of oil well moving skids; that said tractor was about 7½ feet wide and 40 feet long; that it was parked on the main traveled portion of the highway without any lights burning; that when he discovered defendants' semi-trailer and tractor it was too late to apply his brakes and avoid a collision with said parked vehicle and he collided therewith, causing his truck to be demolished and him to suffer serious and permanent injuries. Appellee alleged appellants violated Section 109, Art. 6701d, which provides, among other things, that every vehicle upon a highway from a half hour after sunset until a half hour before sunrise shall display lighted lamps.

 Assuming for present purposes that said Uniform Act repealed similar provisions of the Penal Code, as contended by appellants, nevertheless, the allegations mentioned were sufficient, in the absence of special exception, to allege the commission of an offense in Dawson County and, if proved, to authorize maintenance of the suit in Dawson County under exception 9, Art. 1995. Appellee alleged appellants parked their truck and semi-trailer on the main traveled portion of the highway without lights burning "at 5:30 A.M." on March 2, 1950. This was sufficient to allege the commission of an offense under Sec. 109, Art. 6701d, in the absence of exception. Tex. R.C.P. 90; Strickland Transp. Co., Inc., v. Atkins, Tex.Civ.App., 223 S.W.2d 675. Any defect therein was waived by failure to call same to the attention of the trial court. The time when the sun rises on a particular day is judicially known. 31 C.J.S., Evidence, § 100, page 700. This court judicially knows that 5:30 o'clock

A.M. on March 2, 1950, was more than 30 minutes before sunrise and more than 30 minutes after sunset. Texas Almanac, 1949–1950, pages 39, 44; 31 C.J.S.; Evidence, §§ 12, 33, pages 517, 581. See also Walker v. Terrell, Tex.Civ.App., 189 S.W. 75, W.R.; McGowan v. Wells, 324 Mo. 652, 24 S.W.2d 633; Delaware, Lackawanna & Western Railroad Co. v. Koske, 279 U.S. 7, 49 S.Ct. 202, 73 L.Ed. 578.

 Appellee's testimony was sufficient to sustain the allegations mentioned. Appellants contend the evidence is insufficient, in that, there was no showing that the collision occurred (1) in Dawson County, and (2) that it occurred outside of a town where no buildings or business establishments were present. Appellee testified that the collision occurred 2 miles west of the Borden County line on Highway 180 and below the cap rock; that "this is all ranch country." See 31 C.J.S., Evidence, § 94, page 691; 31 C.J.S., Evidence, § 33, pages 581, 582; Martin v. Turnbow, Tex.Civ. App., 96 S.W.2d 730; Wherry v. Inman, Tex.Civ.App., 77 S.W.2d 1083, 1085; Turner v. Tucker, 113 Tex. 434, 258 S.W. 149, 150; 17 Tex.Jur. 231.

Cree testified that they were hauling skidding equipment from Snyder to 13 miles west of Seminole; that they had to go through Lamesa on Highway 180. He was asked: "Do you know the date that they had the collision down in Dawson County?" He answered: "Not the exact date, not now, I don't. I would have to look it up. Around the first of March, I believe."

The evidence mentioned, we think, is sufficient to sustain a finding that the collision occurred in Dawson County and, if here material, that it occurred out in the country and not in any town where there were buildings. The evidence is sufficient to sustain a finding that appellants committed an offense in Dawson County and to sustain venue there under exception 9, Art. 1995.

The judgment is affirmed.