## J. W. GADDY BUTANE CO. et al. v. ALMANZA et al.

### No. 4891.

Court of Civil Appeals of Texas. El Paso.
June 11, 1952.

James Little, Big Spring, Martelle McDonald, Odessa, for appellants.

Perkins, German, Mims & Bell, Robert F. Jennings, Jr., W. P. Z. German, Jr., and H. J. Rucker, all of Midland, for appellees.

McGILL, Justice.

This is a case in which two pleas of privilege were overruled and venue was maintained in Ector County by the trial court. Appellees here assert that venue was properly so maintained under the provisions of Subdivision 9 of Article 1995, Vernon's Ann.Civ.St., because of acts of active negligence which constituted a trespass on the part of appellant Bert Eaker, who was the agent of appellant J. W. Gaddy Butane Company, acting within the course of his employment. Trial was to the court without a jury and no findings or conclusions were requested or filed.

Jose Dela Almanza, the husband of Romana Ybarra Almanza and father of the other appellees was killed at about 2:30 o'clock P.M. on March 2, 1951, while he was engaged in work on the south side of Highway 80 approximately four miles northeast of the city of Odessa, in Ector County. He was struck by a butane truck which was traveling east on the highway, and ran off of the right shoulder of the road into a barrow pit and turned over.

Appellants' points are in substance that the evidence was insufficient to show that Eaker was driving the truck or that the Gaddy Butane Company owned the truck or that any of appellants had any connection with the truck; or to show that Eaker committed any act of active negligence proximately causing the death of Almanza.

All points are briefed under one statement and argument and we shall consider them together. Appellees object to our consideration of these points because appellants have not complied with certain briefing rules prescribed by the Texas Rules of Civil Procedure. Some of these objections may be valid, but we have decided to con-

sider the case on its merits rather than dispose of it on procedural grounds.

■■ Plaintiffs alleged in their petition which was incorporated in their controverting pleas, that Bert Eaker, the agent of J. W. Gaddy Butane Company, in the course of his employment was driving their (Gaddy Butane Company's) truck toward Midland near the place where Almanza was working, and by reason of the negligent driving of the truck by Eaker the truck struck Almanza. Among the acts of negligence alleged were that Eaker just prior to the accident was driving the truck at a speed in excess of 45 miles per hour; and at an excessive rate of speed under the circumstances then existing; that he was driving the truck without due caution and without due circumspection, in violation of the Uniform Act Regulating Traffic on Highways, Sec. 51 of Art. 6701d, Vernon's Ann.Civ.St.; that he was within fifteen feet of the truck directly in front of him, or within such distance that was unreasonable, imprudent and without regard for the speed of such truck in front of him, in violation of said Act, Sec. 61(a), Art. 6701d, Vernon's Ann.Civ.St.; that he drove the truck without due caution and due circumspection for said reasons; that he left the well defined highway pavement and traveled approximately one hundred feet off of said pavement before striking Almanza, who was well off of the highway.

The parties stipulated:

. "The attorneys have stipulated that the occurrence happened in Ector County, Texas, and that it happened March 2nd, 1951, We have agreed as to Agency, that the defendant's agent was in the course of his employment for J. W. Gaddy Butane Company, and we have stipulated and agreed as to the introduction of depositions, without signatures, at this time."

The "'s" appearing after the word "defendant" appears to have been added by pen and is omitted from the stipulation as it appears in appellees' brief. When this stipulation is construed in the light of the petition, as we think it must be, American Fidelity & Casualty Company v. Newman,

Tex.Civ.App., 60 S.W.2d 482, reversed on other grounds, Tex.Civ.App., 83 S.W.2d 710, there can be little doubt that it supports an implied finding by the trial court that Eaker was the agent of appellant J. W. Gaddy Butane Company, and was acting within the course of his employment at the time of the accident. Whether the stipulation is as it appears in appellees' brief or in the Statement of Facts is immaterial. The "defendant agent" or "the defendant's agent" could refer only to Eaker in view of the allegations of the petition and Eaker's admission that he was driving the truck which he tried to stop to avoid hitting the truck in front of him, which he had to pull around. This truck was unquestionably the truck that struck Almanza. Since the stipulation was sufficient to support these implied findings it matters not whether the truck was owned by J. W. Gaddy Butane Company.

■ The following evidence is sufficient . to support all of the above acts of negligence alleged, and each of these acts was active negligence which constitutes a trespass. Plaintiff introduced portions of the deposition of Joe Dunham, who was the foreman of the crew with whom the deceased Almanza was working at the time of the accident to effect that he saw one butane truck 150 feet west of him and at that time a second butane truck was about ten feet behind the first, pulling off of the road to the right, and that such truck kept on coming right toward him; that it looked to him like the first truck was making 45 or 50 miles per hour, that it did slow down but it was not slowing down much and the second truck was pretty close and pulled to the right to keep from hitting the first and hit "us"; that the second truck was going faster than the first. Plaintiff also introduced portions of the deposition of Bert Eaker to effect that the dust was blowing and it cleared up momentarily; that he did not see his brother's truck until he was pretty close to it; that he saw he was stopping and he tried to stop to avoid hitting his truck and had to pull around. Ines Sanchez, a member of the crew with whom Almanza was working testified for plaintiff that he saw the truck when it drove off of

the pavement, but he couldn't tell how long it was off the pavement; that when he saw Almanza he was dead because the truck hit him; that his body was from sixteen to twenty feet off of the paved portion of the highway.

The negligent acts were the driving of the truck in excess of 45 miles per hour and at an excessive rate of speed under the circumstances; the driving of the truck without due caution and without due circumspection and within fifteen feet of the truck directly in front of him within a distance that was unreasonable and imprudent and without regard for the speed of the truck in front of him in violation of the Uniform Act Regulating Traffic on Highways. That these acts were acts of active negligence rather than passive negligence and constituted a trespass see Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476, loc. cit. 478(6); and driving the truck off of the well defined pavement of the highway for approximately 100 feet and striking Almanza. That this clearly constituted a trespass see Allan v. Garza, Tex.Civ. App., 194 S.W.2d 814; Nielson v. Jackson, Tex.Civ.App., 200 S.W.2d 831; Campbell v. Wylie, Tex.Civ.App., 212 S.W. 980, writ refused.

The judgment overruling the pleas of privilege is affirmed.