**TEXAS HIGHWAY DEPARTMENT and State of Texas, Appellant,**

v.

**Charles BROUSSARD, Appellee.**

**No. 18451.**

Court of Civil Appeals of Texas, Fort Worth.

April 23, 1981.

Rehearing Denied May 21, 1981.

Mark White, Atty. Gen. of Texas, and Harold G. Kennedy, Asst. Atty. Gen., Austin, for appellant.

Kelsey, Wood, Gregory & Banks and Ronald L. Phillips, Denton, for appellee.

## OPINION

MASSEY, Chief Justice.

Charles Broussard, plaintiff, obtained substantial amount by judgment against defendants for personal injuries resultant from the wrecking of his dump-truck. Defendants Texas Highway Department and State of Texas have appealed therefrom.

Reversed; judgment rendered that Broussard take nothing by his suit for personal injuries.

The time of the event in question antedated the comparative negligence statute, so that if Broussard were justifiably held to have been contributorily negligent in any degree, with such contributory negligence amounting to a proximate cause of the occurrence from which his personal injuries resulted, he would not be entitled to recover anything from the defendants no matter how culpable the defendants' negligence might have been found to be.

In this case there had been trouble on the highway so that the defendants, through agents and employees, were directing traffic on the highway traveling in the direction Broussard was going immediately prior to the occurrence so that there was necessity to detour around the highway obstruction. In connection therewith defendants were found negligent, with such amounting to proximate cause of the event by which plaintiff sustained his injuries. The defendants were found negligent in failing to warn approaching vehicles of the impending detour and in failing to keep a proper lookout for truck traffic approaching the detour. Of these findings there is no complaint on the appeal.

In addition the jury found that Broussard kept (a) a proper lookout for (1) roadway ahead and for the emergency repairs being conducted, and for (2) the flagman and warning sign on the roadway; (b) that he did not disobey signals of the flagman by failing to stop in compliance therewith; (c) that he did not fail to make proper application of the brakes on his truck so as to avoid the accident; and (d) that he did not fail to make sufficient application of his brakes and steering so as to maneuver his vehicle into the left lane so as to pass to the left of the stopped vehicles ahead of him on the roadway, if necessary, and on down the left lane until his vehicle could be safely stopped. The jury nevertheless then proceeded to find that on the occasion in question Broussard followed more closely behind the vehicle in front of him than a person exercising ordinary care would have done under the same or similar circumstances, and that such act of following closely amounted to a proximate cause of the occurrence.

Provided in Tex.Rev.Civ.Stat.Ann. art. 6701d "Uniform Act Regulating Traffic on Highways", in its § 61 (1977), "Following too Closely", is that the driver of a motor vehicle shall, when following another vehicle, maintain an assured clear distance between the two vehicles, exercising due regard for the speed of such vehicles, traffic upon and conditions of the street or highway, so that such *motor vehicle can be safely brought to a stop* without colliding with the preceding vehicle, or veering into other vehicles or objects or persons on or near the street or highway.

On trial the evidence relative to Broussard's negligence and proximate cause came from Broussard himself. He was driving his loaded dump truck, (eighteen-wheeler) following behind two other. Traveling at a speed of approximately forty-five miles per hour, and the first indication to Broussard *of any danger was when he observed the* "stop-light" at rear of the preceding truck light up; almost immediately thereafter, "one truck (ahead of him) took the right shoulder, and the other truck took the left lane and I couldn't—didn't have enough

distance to stop to the back, so I took the left of the trucks and went—one tire was on the soft shoulder and one tire was on the blacktop, so when the truck came to a complete stop it rolled over." It was when his truck rolled over that Broussard sustained his injuries. Further explaining why he did not just stop in his lane of traffic Broussard stated: "Didn't have enough distance to stop, I'd hit the truck right in the rear."

Some questions to and answers by Broussard are enlightening, to-wit:

"Q: Would you tell us again why you couldn't stop your truck when you saw that the truck in front of you (was) applying its brakes?

"A: Because one truck took to the left—to the right, and one truck took to the left and had all the lanes stopped, I didn't have enough distance to stop, so I took to the left.

"Q: Why couldn't you stop in your own lane?

"A: There was not enough distance.

"Q: Is that because you were too close to the cars in front of you?

"A: Right."

Broussard moved the court to disregard the answers returned to special issues by which he was found to have been negligent in following too closely upon the vehicle immediately ahead of him, with such negligence amounting to proximate cause of the occurrence as result of which he was injured. (We repeat; Broussard did successfully avoid colliding with any vehicle or standing object, but, by reason of the slope and state of the shoulder his truck toppled immediately upon his having brought it to a stop. This is commonly called "upset", or collision with the surface of the highway.) The court did disregard the answers in which Broussard was found to have been contributorily negligent and rendered judgment for him based upon the answers remaining.

In the motion before the court Broussard averred that the inquiry as to whether he was following too closely behind the vehicle ahead of him was immaterial without the

presence of some operative fact, that the proper inquiry would be whether he failed to properly apply his brakes, failed to maintain a proper lookout, failed to apply steering, etc. In addition, relative to the special issue by which the jury found such to have amounted to proximate cause, Broussard contended that his following too closely could not have been the proximate cause of the accident in question as a matter of law and that to be the proximate cause, his following too closely must have been the cause in fact of the accident, which in this case was not so. Averred was that the only conceivable way that following too closely upon the vehicle ahead could have been the cause in fact would be if such close following precluded the application of steering, brakes, or the maintenance of a proper lookout. (Additionally, Broussard contends absence of evidence to support the jury findings.)

In his brief Broussard likens his following too closely to the state of intoxication dealt with and discussed in the case of *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951), where it was held that evidence of intoxication is an evidentiary fact to be considered by the jury in determining whether or not a person is guilty of some act of contributory negligence, but that the fact of intoxication alone would not convict the deceased of negligence.

█ We fail to perceive the analogy sought to be drawn. By the common law, fortified by Tex.Rev.Civ.Stat.Ann. art. 6701d, § 61 (1977), is the duty of anyone operating a vehicle upon the public highway to maintain such a clear distance behind the preceding vehicle traveling in the same direction so that should the necessity arise he will be able to slow down or even stop without colliding with the preceding vehicle and that it not be necessary to veer to either the right or left. Where such an event has occurred and there is inability to stop in this manner, the operator is guilty of negligence both at common law and under the statute. This is true whether there might be a collision with the vehicle being followed or not, and likewise true whether there might be a collision with any other person or thing including the surface of the highway, as by "upset" of one's own vehicle in the attempt to avoid any collision. Following too closely may be "excusable negligence", but it is negligence nevertheless, although "excuse" is not a question involved in this case and was not raised by any evidence.

On matter of proximate cause we note that by the trial court's definition in the charge the standard definition of proximate cause was prescribed, to-wit: "that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom."

█ Having concluded that there was by the justified finding of the jury negligence on the part of Broussard in following too closely behind the preceding vehicle, we have little difficulty in finding justification as well for the finding that such negligence amounted to a proximate cause of the event. It is certainly foreseeable if one fails to observe a proper distance behind a preceding vehicle that in the event it should be brought to a stop it would be likely that the following vehicle would either collide with it—or would occasion necessity to turn to the side so that such collision would not occur. In the event of the necessity to turn aside the hazard would always exist that there would be a collision with some person or thing other than the vehicle immediately preceding, if any in the vicinity, and even if not then the hazard of "upset" if in the course of such evasive action physical conditions or forces might be encountered which lend to a result of this nature.

Cases are few where there has been no collision with the vehicle preceding and yet a conviction of the following vehicle operator because he was following too closely. Nevertheless, in the two we have found

**330**

there was finding of negligence despite absence of collision with the preceding vehicle. *Red Star Fertilizer Co. v. Zuck*, 267 S.W.2d 894 (Tex.Civ.App.—Galveston 1954, no writ); *J. W. Gaddy Butane Co. v. Almanza*, 252 S.W.2d 489 (Tex.Civ.App.—El Paso 1952, no writ). See also 85 A.L.R.2d 613 (1962), Annot., "Driver's failure to maintain proper distance from motor vehicle ahead".

We have found no cases and have been cited to none which in our view, as applied to a circumstance of following too closely for safety, would support the contention of Broussard either upon the question of (absence of) negligence or upon the question of (absence of) proximate cause.

The trial court should not have disregarded the answers returned by the jury to the special issues inquiring about Broussard's contributory negligence in following too closely to the vehicle preceding. For purpose of our judgment we consider the jury's findings thereon as valid.

Judgment is reversed; judgment rendered that Broussard take nothing by his suit.