miller 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-258-CV





CHARLAINE M. MILLER,



 APPELLANT


vs.





MICHAEL L. LESCHBER,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL

DISTRICT


NO. 88-124-C, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING



 




 Charlaine M. Miller sued Michael L. Leschber for personal injuries she allegedly
suffered as a result of a rear-end collision. The trial court rendered a take-nothing judgment based
on a jury answer favoring Leschber. Miller appeals. We will affirm the judgment of the trial
court.



THE CONTROVERSY


 On the night of October 12, 1986, Leschber left an Austin nightclub and drove
north on Interstate 35 toward his home in Georgetown. Although rain was falling heavily,
Leschber set the cruise control on his half-ton pickup at fifty-five or sixty miles per hour. Near
Round Rock, Leschber fell in behind Miller and began following her in the right-hand lane. 
Leschber testified that he maintained a distance of approximately seventy-five feet behind Miller.

 As she approached a highway exit, Miller slowed her car, perhaps because she saw
a puddle of water on the road. Leschber braked, but could not stop quickly enough and began
gaining on Miller's car. Leschber testified that he veered to the left to avoid hitting Miller's car,
but that Miller also veered left. His pickup struck Miller's car from the rear, spinning the car
around until it came to rest against the guardrail on the right side of the road. Miller, who
testified that she saw the pickup overtaking her, stated she did not veer to the left, and that
Leschber hit her car while she was in the right-hand lane. Miller's car sustained heavy damage
and she was badly shaken. She did not request medical attention at the time; afterwards, however,
she allegedly developed certain injuries. In 1988 Miller sued Leschber, alleging that his negligent
operation of his pickup proximately caused these injuries.

 A trial followed. Based on the jury verdict, the trial court rendered judgment that
Miller take nothing. She appeals.



THE CHARGE


 The charge defined in the ordinary way the terms "preponderance of the evidence"
and "proximate cause." It defined in the ordinary way the term "negligence," but appended to
it a statement that "[a]n occurrence may be an `unavoidable accident,' that is, an event not
proximately caused by the negligence of any party to it." The charge instructed the jury to answer
the questions in the charge "yes" or "no," unless otherwise instructed; that a "yes" answer must
be based on a preponderance of the evidence; and that the jury must answer "no" if they do not
find that a preponderance of the evidence supports a "yes" answer.

 The first question asked the jury: "Did the negligence, if any, of [Miller or
Leschber] proximately cause the occurrence in question?" The jury answered "no" for both
Leschber and Miller, and the take-nothing judgment rests on this answer.



UNAVOIDABLE ACCIDENT


 In her first point of error, Miller complains "[t]he jury's finding of unavoidable
accident is supported by no evidence or is against the great weight and preponderance of the
evidence." She argues as follows: No party adduced evidence that the collision was caused by
some condition or thing extraneous of the parties' conduct; hence, the jury must have found
unavoidable accident because they "found" that neither party was negligent. And the take-nothing
judgment may not rest upon that finding because there is no evidence to support it.

 We reject the argument. It is contrary to the legal meaning of the jury's "no"
answer to the first question. The charge instructed the jury that they must answer "no" unless
they found that a preponderance of the evidence supported a "yes" answer. Hence, the jury's
"no" answer means only that they did not find that a preponderance of the evidence supported a
"yes" answer to the twin propositions upon which Miller had the burden of proof and persuasion
-- that Leschber's conduct was "negligence" and that it was a "proximate cause" of the collision,
as these terms were defined in the charge. C. & R. Transp., Inc. v. Campbell, 406 S.W.2d 191,
194 (Tex. 1966). The jury's "no" answer is not therefore the legal equivalent of a finding of
unavoidable accident, the premise of Miller's argument.

 It is immaterial that no evidence existed to support the jury's "no" answer; none
is necessary. Traylor v. Goulding, 497 S.W.2d 944, 945 (Tex. 1973). Nor can Miller complain
on appeal concerning inclusion in the charge of the explanation regarding "unavoidable accident,"
or the terms of that explanation. Having failed to object to this part of the charge, she waived any
error therein. See Tex. R. Civ. P. Ann. 274 (Supp. 1991). Nor did she request an instruction
placing the burden of proof to show unavoidable accident. See Tex. R. Civ. P. Ann. 277 (Supp.
1991) (stating that the trial court should place the burden of proof by instructions instead of by
submitting inferential rebuttal questions); Scott v. Atchison, Tex. & S. F. Ry., 572 S.W.2d 273,
279 n.7 (Tex. 1978) (stating that unavoidable accident is a type of inferential rebuttal).

 We therefore overrule Miller's first point of error.



SUFFICIENCY OF THE EVIDENCE


 In her second point of error, Miller contends that "no evidence exists which
supports the jury's findings [sic] that Michael L. Leschber's negligence was not the proximate
cause of the collision, and the jury's findings do not support the trial court's judgment." We
understand Miller's argument to be that she proved as a matter of law that Leschber was
negligent. (1) When a jury fails to find a fact (Leschber's negligence in this instance), the party who
seeks to establish that fact as a matter of law must meet a two-part test. The reviewing court first
examines the record for evidence that supports the jury's answer, while ignoring all evidence to
the contrary. Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). Second, if there is no evidence
to support the jury's answer, the reviewing court examines the entire record to see if the contrary
proposition is established as a matter of law. Id.; William Powers, Jr. & Jack Ratliff, Another
Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 523 (1991).

 We consider it a close question whether Miller proved as a matter of law that
Leschber was negligent. The evidence adduced by Miller indicated that Leschber's conduct fell
below the duty of care expected of a prudent driver in several respects: Leschber was driving no
more than seventy-five feet behind Miller on a rain-slickened highway, probably in violation of
statute; (2) he had set his cruise control at fifty-five or sixty miles per hour, even though the
manufacturer of his truck advised against using the cruise control in rainy conditions; and the
evidence indicated Leschber's pickup struck Miller's car directly from the rear, rather than from
an angle, suggesting the collision occurred in the right lane.

 Despite the strength of this evidence, Miller cannot prevail as a matter of law. The
mere occurrence of a rear-end collision does not establish negligence as a matter of law; the
plaintiff must prove specific acts of negligence on the part of the following driver. Vandyke v.
Austin Indep. Sch. Dist., 547 S.W.2d 354, 357 (Tex. Civ. App. 1977, no writ); see Lovell v.
Stanford, 386 S.W.2d 755, 758 (Tex. 1965) (when witnesses give conflicting testimony about a
rear-end collision, the plaintiff has not proved negligence as a matter of law). It is within the
jury's province to determine whether the plaintiff succeeds in proving negligence by the
preponderance of the evidence. Smith v. Central Freight Lines, Inc., 774 S.W.2d 411, 412 (Tex.
App. 1989, writ denied). 

 Leschber testified that when he saw he could not stop in time to avoid hitting
Miller's car, he changed lanes. He testified further that Miller suddenly changed lanes as well,
causing Leschber's pickup to strike Miller's car. Considering this testimony, the jury was entitled
to believe that by changing lanes Leschber ended the risk of harm created by any antecedent act
or omission on his part.

 Even if the facts were sufficient to establish Leschber's negligence as a matter of
law, Miller must still prove conclusively that Leschber's action proximately caused her injuries.
See Vandyke, 547 S.W.2d at 357 (specific acts of negligence by the trailing driver must be a
proximate cause of the collision); see also Lovell, 386 S.W.2d at 758 (Calvert, C.J., concurring)
(stating that the plaintiff may have proved negligence as a matter of law, but did not conclusively
prove the defendant proximately caused the plaintiff's injuries). We do not believe Miller has
proved as a matter of law that Leschber's conduct was the proximate cause of her injuries. The
jury reasonably could have believed that any risk of harm created by Leschber's antecedent
conduct ended when he changed lanes.

 Miller relies heavily on Texas Highway Dep't v. Broussard, 615 S.W.2d 326 (Tex.
Civ. App. 1981, writ ref'd n.r.e.). In Broussard, the court of appeals stated that article 6701d,
§ 61(a) imposes a duty on a driver to maintain a clear distance behind other vehicles so that the
driver will be able to slow down without colliding with a preceding vehicle or without veering to
the left or the right. Id. at 329 (citing Tex. Rev. Civ. Stat. Ann. art. 6701d, § 61(a) (1977)). The
court continued, "Where . . . there is inability to stop in this manner, the operator is guilty of
negligence both at common law and under the statute." Id. Broussard is distinguishable from the
present case, however. In Broussard, the jury found that the driver, who was the plaintiff, had
followed the vehicle in front of him more closely than a prudent driver would, and that this failure
to maintain a clear distance was a proximate cause of the accident. The trial court disregarded
these findings in awarding damages to the plaintiff. Relying on the jury's findings, the court of
appeals reversed the judgment and ordered that the plaintiff take nothing. In contrast, the jury
in this case made no finding, meaning that it was not convinced by the evidence as to negligence
or proximate cause.

 We believe the present case to be more closely analogous to Smith, 774 S.W.2d
at 411. Smith also involved a rear-end collision about which the parties gave conflicting
testimony. The jury did not find the defendant, who was the trailing driver, to be negligent. The
plaintiff appealed, contending the failure to find negligence was reversible error. The court of
appeals affirmed the trial-court judgment, rejecting the plaintiff's claim that violation of article
6701d, § 61(a) is negligence per se. Id. at 412. Declining to set aside the jury verdict, the court
of appeals emphasized the conflicting testimony of the witnesses and the deference a reviewing
court must give to the jury's impression of the credibility of the witnesses. Id. at 414. For the
same reasons, we hold that Miller has failed to establish her right to recover as a matter of law. 


 We believe there is sufficient evidence in Leschber's testimony supporting the
jury's failure to find he was negligent. Because Miller fails the first part of the conclusive-evidence test, we need not address the second part. We overrule the second point of error. 

 In her third point of error, Miller contends the jury's failure to find Leschber
negligent is against the great weight and preponderance of the evidence. When reviewing a jury
verdict to determine the factual sufficiency of the evidence, we must consider and weigh all the
evidence, and should set aside the judgment only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). To give substance to the vague "clearly wrong and unjust" standard, we apply the test set
out in W. St. John Garwood, The Question of Insufficient Evidence on Appeal, 30 Tex. L. Rev.
803 (1952): In reviewing a complaint that a jury's failure to find is against the great weight and
preponderance of the evidence, a court of appeals should ask whether it, as the trier of fact, would
have reached the same result. Id. at 812. If so, the verdict stands. If the answer is "no," the
reviewing court must ask itself whether the jury must have been actuated by prejudice, sympathy,
or other incorrect motive to reach the result it did. Id.

 We do not believe the jury's failure to find negligence is against the great weight
and preponderance of the evidence. Miller emphasizes those portions of the evidence pointing to
Leschber's alleged negligence: He was driving at or above the speed limit with his cruise control
on; he was following too closely; and he should have known the heavy rain would affect his
ability to stop. Nevertheless, the ultimate issue appears to be whether Miller swerved into
Leschber's path after he had changed lanes to avoid a collision. Except for the testimony of a
Department of Public Safety officer, there was no evidence on this crucial event other than the
testimony of the two drivers. (3) The jury evidently believed Leschber's testimony; if so, they could
have believed that Leschber's conduct was not a proximate cause of the accident. We cannot say
we would have found differently had we been the triers of fact. Moreover, we must defer to the
jury's determination of the credibility of the witnesses and the weight to be given their testimony. 
Rego Co. v. Brannon, 682 S.W.2d 677, 680 (Tex. App. 1984, writ ref'd n.r.e.). Because we
cannot say the jury's failure to find negligence or proximate cause is clearly wrong, we hold that
the failure to find is not against the great weight and preponderance of the evidence. See Herbert
v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988) (a reviewing court may not reverse simply because
it concludes the evidence preponderates toward an affirmative answer, but must find "the great
weight of that evidence supports an affirmative answer") (emphasis in original). We overrule the
third point of error.

 In her fourth point of error, Miller asserts that "no evidence exists to support the
jury's finding that Charlaine M. Miller suffered only $650.00 for her injuries." (4) Because we have
overruled the other points of error and sustained the jury's failure to find negligence, we need not
address this point of error. Nor need we address Leschber's cross-point, which asks this court
to render judgment for Miller in the amount of $650 if we sustain Miller's factual- or legal-insufficiency points of error. 

 Finding no error in the judgment below, we affirm the trial-court judgment in all
respects.



 John Powers, Justice

[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: January 22, 1992

[Do Not Publish]

1. 

 [1]  We note that Miller's second and fourth points of error are worded incorrectly. Miller
bore the burden of obtaining jury findings that Leschber's actions were negligent and a
proximate cause of her injuries. She failed to obtain these findings from the jury. In order to
prevail as a matter of law, she had to prove conclusively that such negligent actions
proximately caused her injuries. See William Powers, Jr. & Jack Ratliff, Another Look at "No
Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515, 523 n.28 (1991); Robert W.
Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 364
(1960). Therefore, Miller should have recast her point of error: "The trial court erred in
entering judgment for Leschber because Miller conclusively proved Leschber's conduct was
negligent and proximately caused her injury." Nevertheless, we will address her points of
error as though she used the correct terminology. See Sterner v. Marathon Oil Co., 767
S.W.2d 686, 690 (Tex. 1989) (treating a no-evidence point of error as a conclusive-evidence
point of error in a failure-to-find case); see also Holley v. Watts, 629 S.W.2d 694, 696 (Tex.
1982) (appellate courts should look not only to the wording of the point of error, but also at
the argument under the point of error to determine the complaining party's intent).
2. [2]   See Tex. Rev. Civ. Stat. Ann. art. 6701d, § 61 (1977). Section 61(a) provides that a
driver 


shall, when following another vehicle, maintain an assured clear distance
between the two vehicles, exercising due regard for the speed of such vehicles,
traffic upon and conditions of the street or highway, so that such motor vehicle
can be safely brought to a stop without colliding with the preceding vehicle, or
veering into other vehicles, objects or persons on or near the street or highway.
3. 

 [3]  The officer testified that his notes did not indicate the parties' stories were inconsistent
on the night of the accident, and that he believed Leschber had struck Miller's car directly
from behind, rather than from an angle. The officer also testified that he believed the accident
to be Leschber's fault for following too closely, but the jury, as the triers of fact, were entitled
to discount that testimony. There were no skid marks or other physical evidence indicating
how the accident occurred.
4. [4]  This point of error is also worded incorrectly. Because Miller carried the burden of
proof on the existence and extent of her injuries, she should say that she conclusively proved
her damages are greater than $650.